FARRELL, Appellant, v. ST. LOUIS TRANSIT COMPANY, Respondent.

St. Louis Court of Appeals, December 1, 1903.

1. **APPELLATE PRACTICE: New Trials: Discretion of Trial Court.** The function of granting new trials rests peculiarly and specially within the sound discretion of the trial courts, which are charged with the duty to supervise the verdicts of juries, and unless it is manifest that such discretion has been abused, the appellate court will not disturb a ruling in that regard.

2. **MALICIOUS PROSECUTION: Damages: Excessive Verdict.** In an action for a malicious prosecution, although the testimony tended to establish that plaintiff was a peaceable, law-abiding citizen of high character, without cause for suspicion and was unjustly denounced and prosecuted upon a charge of disturbing the peace, and his detention attended by rough, insulting and offensive conduct by defendant, which was wholly unprovoked, nevertheless the ruling of the trial court in setting aside a ver- dict for $1,500 actual, and $1,000 exemplary, damages as ex- cessive, is not an abuse of discretion and will not be disturbed by the appellate court.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald*, Judge.

AFFIRMED.

*Paxson & Clark* for appellant.

(1) No error was committed by the court in the admission of plaintiff's evidence. The defendant offered no evidence. (2) The verdict under all the humiliating and outrageous circumstances of this case, which stand uncontradicted and practically admitted, is reasonable and just, and the action of the trial court in sustaining the motion for new trial on the ground that the verdict was excessive, was purely arbitrary. Mc-Garry v. Railway, 36 Mo. App. 340; Trauerman v. Lippencott, 39 Mo. App. 487; Brown v. Railway, 51 Mo. App. 192; Canfield v. Railway, 59 Mo. App. 354; State v. Hancock, 73 Mo. App. 19; Baldwin v. Boulware, 79 Mo. App. 5; Edwards v. Railway, 82 Mo. App. 486; Hickey v. Welch, 91 Mo. App. 13; Goetz v. Ambs, 27 Mo. 34; Gregory v. Chambers, 78 Mo. 294; Pritchard v. Hewitt, 91 Mo. 547; Fugate v. Millar, 109 Mo. 285; Boggess v. Railway, 118 Mo. 339; Haehl v. Wabash, 119 Mo. 325; Dowd v. Air Brake Co., 132 Mo. 579; Lee v. Knapp, 137 Mo. 385; Hartpence v. Rogers, 143 Mo. 623; Courtnay v. Blackwell, 150 Mo. 245; Stubbs v. Mulholland, 168 Mo. 47; Hoagland v. Amusement Co., 170 Mo. 343.

*Boyle, Priest & Lehmann,* and *Crawley & Jamison* for respondent.

(1) There was no evidence tending to show that respondent was in any wise responsible in law or in fact for the prosecution complained of. Cameron v. Express Co., 48 Mo. App. 99; Knowles v. Bullene, 71 Mo. App. 341. (2) Smart money is only allowed when an alleged tortious act is done from an evil motive. Unless the motive is wrong, the act, no matter what its consequences, involves no more than compensatory damages. 1 Sedg. Dam. (8 Ed.), 363; Ruth v. St. Louis Transit Co., 71 S. W. 1060.

## STATEMENT.

Plaintiff, on the evening of March 14, 1902, between six and seven o'clock, was a passenger on a car of defendant on his way homeward; at a point beyond Lee avenue on Prairie avenue, the conductor gave an order that the car be vacated by all passengers, which they complied with and walked forward to the first of several other cars ahead, where they were informed by the motorman that he was behind time and would not go on, and the several cars then backed down to the car sheds; with about fifteen other passengers emptied out of these cars, plaintiff proceeded to await the arrival of another car, being still about three-quarters of a mile from his destination. The first car to arrive, in response to a signal, slackened speed but without stopping, and some one of the waiting passengers threw a handful of pebbles against the windows, and as another car arrived five minutes later, some man in the crowd, a stranger to plaintiff, saying, "this car will stop," picked up a rock and as the car was about to pass as the preceding one had, threw it through the car window, whereupon the motorman stopped the car and the group of passengers got on board, and as plaintiff was about to enter, the motorman and conductor accused him of being the man who threw the stone; he denied the charge and pointed out a man going down the street as the responsible party; ultimately they permitted him to get on the car, stating they would have him arrested at Newstead avenue, where they sent for a policeman and put him under arrest and the officer, accompanied by one or more of defendant's employees, took him to the Grand avenue police station, where he was searched, a charge of disturbing the peace lodged against him, and after detention there less than an hour, he gave bond and was released. On the twentieth of March, 1902, plaintiff was arraigned, tried and found not guilty, in the second dis-

trict police court of the city of St. Louis, on the charge of disturbing the peace.

Stripped of matters in aggravation consisting of grossly abusive conduct towards him on part of defendant's servants while plaintiff was detained by them, pending the arrival of the officer, and somewhat abridged, the foregoing narrative presents a fair statement of the transaction from which this action for damages for malicious prosecution emanated, and the plaintiff's narrative of which was fully established in all important details by the corroborative testimony of disinterested witnesses. Defendant offered no testimony, and a jury returned a verdict in favor of plaintiff for actual damages in the sum of $1,500, and exemplary damages in the amount of $1,000. Defendant's motion for new trial was sustained, the court assigning as reasons, the admission of irrelevant and immaterial testimony, the giving of improper instructions and the excessive verdict.

REYBURN, J. (after stating the facts as above).— The rule of law in Missouri has been announced with incessant repetition, that the function or duty of granting a new trial rests peculiarly and specially within the sound discretion of the trial court, and unless it is manifest and apparent that its judicial discretion has been abused or that injustice has been done, its ruling in that regard will not be disturbed by an appellate court. Kuenzel v. Stevens, 155 Mo. 280; Chouquette v. Railroad, 152 Mo. 257; Lee v. Geo. Knapp & Co., 137 Mo. 385; Parker v. Cassingham, 130 Mo. 348; Bank v. Wood, 124 Mo. 72; Hewitt v. Steele, 118 Mo. 463; McCullough v. Ins. Co., 113 Mo. 606; Rice v. Evans, 49 Mo. 396; Reed v. Ins. Co., 58 Mo. 425; Woolfork v. Tate, 25 Mo. 597; Mason v. Onan, 67 Mo. App. 290; Powell v. Railway, 59 Mo. App. 335; Ensor v. Smith, 57 Mo. App. 584; Longdon v. Kelly, 51 Mo. App. 572.

Circuit courts are vested not only with the authority, but are charged with the duty, to supervise the verdicts of juries, and to grant new trials, if in their judgment the verdict is improper or not sustained by the evidence.    Bank v. Wood; Reed v. Ins. Co., supra.

The testimony offered strongly tended to establish that plaintiff, a peaceable, law-abiding citizen of high character, without cause for suspicion, was unjustly denounced and subsequently prosecuted by defendant's servants, upon the charge of disturbing the peace, and his detention by them prior to arrest by the officer, was attended by rough, insulting and offensive conduct on their part toward him, wholly unprovoked, and which defendant made no effort to palliate, justify or explain, and appears to have continued the perpetrators in its employ at the time of the trial of this cause.    Assuming the verity of the evidence on behalf of plaintiff, which as stated, defendant did not seek to deny, the plaintiff was entitled to liberal and full redress for the wrong done him, and the testimony authorized punitive damages as well as actual damages, but we can not escape the conclusion that the jury permitted the sympathy aroused for plaintiff to outweigh its judgment in the return of a verdict for $1,500 actual damages and $1,000 exemplary damages.    This court has quite recently had occasion to review actions for malicious prosecution: in the one, a verdict of two thousand dollars, equally divided by the jury as punitive and actual damages, was condemned as excessive and appearing vindictive, and one thousand dollars adjudged full compensation to plaintiff for the actual damages suffered by him, and sufficient punishment of defendant for the wrong committed.    Ruth v. Transit Co., 71 S. W. 1055, 98 Mo. App. 1.    In the other case, a total finding of two thousand dollars was made, of which $375 was assessed as the punitive portion.    This court required a remittitur of the excess of $950 over $500 upon the finding on the second count, stating that the latter sum would be

adequate compensation for all the injury sustained. While the case under consideration appears to be distinguished from the above cases by circumstances of weightier aggravation inflicting more serious wrong on the plaintiff, yet we can not dissent from the opinion of the circuit court that the verdict was excessive, and the circuit court performed its duty in setting it aside. Judgment affirmed. All concur.