BODEN, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, December 27, 1904.

1. **CORPORATIONS: Agency: Authority of Conductor.** A conductor in charge of a street car, who causes the arrest of a passenger upon his car on charge of disturbing the peace, acts within the scope of his authority and the street railway company is liable in an action for damages brought by such passenger if the arrest was without probable cause and malicious.

2. **MALICIOUS PROSECUTION: Malice.** Where, in an action for malicious prosecution, there were no grounds whatever for the prosecution and it was begun in gross disregard of the plaintiff's rights, the jury, in an action for such malicious prosecution, would be warranted in finding that the prosecution was malicious.

3. ———: **False Arrest.** Malicious prosecution and false arrest are widely different and an action for malicious prosecution will not be supported by evidence of a false arrest where it

is not shown that the defendant did not participate in the prosecution and that it was not on his complaint that the prosecution was begun.

4. ————. Where the conductor on a street railway caused the arrest of a passenger for an alleged disturbance of the peace. but filed no complaint against him, but the chief of police filed such complaint and summoned the conductor to appear as a witness, the street railway company, for whom the conductor was acting, was not connected with the prosecution so as to sustain an action on the part of the passenger for malicious prosecution against it.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. R. Kinealy*, Judge.

REVERSED.

*Boyle, Priest & Lehmann, George W. Easley* and *Edward T. Miller* for appellant.

The court erred in overruling the demurrer to plaintiff's evidence, and in refusing the peremptory instruction, asked at the close of all the evidence, to the second count of the petition. Jones v. Packet Co., 43 Mo. App. 398; Cameron v. Express Co., 48 Mo. App. 99; Hartman v. Muehlenbach, 64 Mo. App. 565; Todd v. Harlin, 72 Mo. App. 565; Krueger v. Railroad, 84 Mo. App. 366; Garretzen v. Duenckel, 50 Mo. 104; Snyder v. Railroad, 60 Mo. 413; Cousins v. Railroad, 66 Mo. 572; Sherman v. Railroad, 72 Mo. 62; Jackson v. Railroad, 87 Mo. 422; Boeger v. Langenberg, 97 Mo. 390; Farber v. Railroad, 116 Mo. 81, 22 S. W. 631, 139 Mo. 272, 40 S. W. 932; McPeek v. Railroad, 128 Mo. 643, 30 S. W. 170; Raming v. Railway, 157 Mo. 477, 57 S. W. 268; Babcock v. Merchants' Exchange, 159 Mo. 381, 60 S. W. 732. Wood, Master & Servant, sec. 307. Proof of the following facts is always essential to authorize the submission of a cause for malicious prosecution to a jury: First. The institution or prosecution by the defendant of the proceedings complained of. Second.

That the proceedings have finally terminated in plaintiff's favor. Third. Want of probable cause on the part of defendant to believe plaintiff guilty of the offense charged. Fourth. Malice on the part of defendant in instituting or continuing the prosecution. Any of these elements failing, the action fails.

*Chas. F. Krone* and *Richard Ralph* for respondent.

STATEMENT.

The petition is in two counts: the first one asked for damages for an alleged assault and wrongful ejection of plaintiff from one of defendant's cars by the conductor; the second one is for malicious prosecution following the ejection. The verdict was for plaintiff on both counts, awarding him one dollar damages on the first and one thousand dollars damages on the second count. The recovery on the first count was remitted by the plaintiff. The verdict on the second count is challenged on the ground that the evidence is insufficient to warrant its submission to the jury. The facts are few and simple. The plaintiff first boarded an Olive street car, paid his fare and got a transfer to the Cherokee line to go south. According to the rules of the defendant company, the point for transferring from other lines to the Cherokee line to go south is at Twelfth street. Plaintiff, perhaps in ignorance of this fact, went east on Olive street to Ninth street and there left the car and walked south to Pine street where he boarded the Cherokee car travelling south. After boarding the car he was asked for fare and presented his tranfer ticket to the conductor who refused to receive it, telling plaintiff it was not good, that it was against the rules of the company to take it and that he would have to pay fare or leave the car. Plaintiff refused to pay fare or leave the car and told the conductor that he would have to put him off; that he would not resist being put

off, but would have to be put off. When the Four Courts building was reached, the conductor stopped the car, went into the police office and came out accompanied by an officer whom he asked to arrest plaintiff and take him off the car. The officer refused to arrest the plaintiff on the car and the conductor then took hold of plaintiff, using no violence, and they walked to the front platform from which (plaintiff testified), the conductor pushed him into the arms of the officer, who was standing on the ground waiting for him. The officer arrested plaintiff and took him before the police court where he gave bond for his appearance the next morning. A formal charge of disturbing the peace, signed by the chief of police, was lodged against the plaintiff in the police court. The conductor was afterwards informed by the police officer that he should appear as a witness against the defendant which he did on the next day and gave his testimony. The trial resulted in the acquittal of defendant (plaintiff herein). The evidence shows that the plaintiff made no disturbance whatever while on the car. The superintendent of the defendant company testified that the conductor had no instructions whatever to make criminal complaint against any passenger or to call an officer to arrest a passenger. The officer who made the arrest did not testify.

BLAND, P. J. (after stating the facts).—The evidence, we think, shows that the conductor was averse to putting the plaintiff off the car by his own effort and sought out the police officer for the purpose of having him arrested and removed from the car. If this is so, then he was acting in his capacity as conductor and called in the officer to do what he, as conductor, had a right to do, to-wit, eject plaintiff for refusing to pay fare. He was about his employer's business and in putting plaintiff off the car was acting within the scope of his employment. But it is contended by the defend-

ant that in causing the arrest and in prosecuting the plaintiff on the charge of disturbing the peace, he exceeded his authority and he, not the defendant, is responsible for the prosecution, if malicious and without probable cause.

In Randolph v. Railway, 18 Mo. App. 609, it was held that the whole power of railroad corporations *"pro hac vice* is vested in conductors (as to their relation to passengers)."

In Grayson v. St. Louis Transit Company, 100 Mo. App. l. c. 72, 71 S. W. 730, it was held that if a passenger should be guilty of a flagrant breach of the peace to the annoyance of the other passengers, the conductor would not only have the right, but it would be his duty, in the discharge of the obligation of a carrier to protect passengers from annoyance, insult and injury, to call an officer and cause the arrest of the offender.

In Ruth v. St. Louis Transit Company, 98 Mo. App. 1, 71 S. W. 1055, the plaintiff and conductor had a dispute about the payment of fare. The conductor caused the arrest and prosecution of the plaintiff on a charge of disturbing the peace. The suit was against the company for malicious prosecution. It was held the conductor was acting within the scope of his authority when he caused the arrest of the plaintiff and preferred the criminal charge against him, and that his acts and proceedings against the plaintiff were the acts and proceedings of the company.

In Farrell v. St. Louis Transit Company, 103 Mo. App. 454, 78 S. W. 312, the doctrine of the Grayson and Ruth cases was accepted as the law.

In Cameron v. Express Company, 48 Mo. App. 99, Cameron, the owner of a package, took it from the office of the company without paying the transportation charges for which the company had a lien. In order to collect the charges the agent of the company, without probable cause, had criminal proceedings instituted against Cameron who, after his acquittal, brought suit

against the express company for malicious prosecution. It was held that the agent was acting within the scope of his authority in causing criminal proceedings to be instituted against plaintiff, and that the company was liable.

We think these cases warrant us in holding that the conductor was acting within the scope of his authority when he caused the arrest of plaintiff, and if it was through his instigation that the charge of disturbing the peace was preferred against the plaintiff, the defendant is liable, if the evidence shows that the prosecution was without probable cause and was malicious. It is admitted on all sides that the prosecution was without probable cause. There is no evidence to indicate that the conductor entertained ill-will or feeling of malevolence toward plaintiff, nor that he caused (if he did cause) criminal proceeding to be brought against him for a feeling of revenge. We think the evidence shows that there were no grounds whatever for the arrest, that it was made without the semblance of cause and in gross disregard of plaintiff's rights; if so, then the jury was warranted in finding that the prosecution was malicious. Stubbs v. Mulholland, 168 Mo. 47, 67 S. W. 650.

The complaint was signed by the chief of police. There is no evidence that the conductor had any communication whatever with the chief of police and there is no evidence that he instructed or directed the officer who made the arrest to prefer, or have preferred, any criminal charge against plaintiff. Plaintiff, however, testified that after he reached the end of his run and was relieved, he went back to the Four Courts and found the officer and was advised by him to return the next day to testify as a witness against the plaintiff, but that he told the officer it was not his intention to have the plaintiff arrested or prosecuted. We do not think this evidence is sufficient to show that the criminal charges brought against the plaintiff was preferred by the conductor or at his instigation. It only shows that

he caused the arrest of plaintiff. The suit, however, is not for false arrest and there is a wide difference between such a suit, and one for malicious prosecution. To maintain the latter suit, it is essential to show that the defendant participated in the prosecution and that it was on his complaint the prosecution was begun. Boeger v. Langenberg, 97 Mo. 390, 11 S. W. 223; McCaskey v. Garrett, 91 Mo. App. 354. There is no evidence to show that the defendant's legal department, or any officer of any other department, had any notice of the criminal charge brought against plaintiff or that it participated in any way whatever in his prosecution. The appearance of the conductor, as a witness against plaintiff, the day following his arrest, according to the undisputed testimony, was without the knowledge of defendant and was brought about on the suggestion or advice of the officer who made the arrest; this being so, the appearance of the conductor as a witness in the case was not at the instigation of defendant nor was he acting for or on the advice of the defendant. We think the evidence is insufficient to connect the defendant with the prosecution or to show that it participated in it in anyway whatever. For this reason we think there was a failure of proof on the second count of the petition and that the demurrer to the evidence on that count should have been sustained.

The judgment on the second count is reversed. All concur.