DREYFUS, Respondent, v. ST. LOUIS & SUBURBAN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 30, 1907.

1. **APPELLATE PRACTICE: Timely Exception: Motion for New Trial.** . An objection and exception to the introduction of incompetent evidence will not be considered by the appellate court unless called to the attention of the trial court in the motion for new trial, a ground assigned in the motion that the "verdict is against the law," is not sufficient to cover such erroneous ruling on the evidence.

2. ———: ———: **Conduct of Judge.** The improper examination of a witness by the trial judge will not be considered by the appellate court unless objection was made and an exception taken at the time; the delicacy of an attorney's position with reference to the court in such case does not furnish a reason for an exception to the rule.

3. ———: **Conduct of Judge: Examination of Witness by Judge.** While the trial judge has the right to examine a witness, his examination should be so guarded as to give no hint of his opinion of the veracity of the witness or any impression he may have made as to the merits of the case.

4. **STREET RAILWAYS: Stopping Car Against Rules: Negligence.** In an action against a street railway company for damages on account of injuries received by plaintiff in alighting from one of defendant's cars, it was not competent for the defendant to show the rules of the company forbidding cars to stop at the point where the accident took place; the conductor was a vice principal of the defendant in the management of the car and the company was liable for the negligent starting of the car though it was done in violation of the rules.

5. **DAMAGES: Personal Injuries: Elements of Damage.** In an action for damages on account of personal injuries caused by a blow on the head, where the plaintiff's evidence tended to show that her hearing was normal before the injury and that after the injury she was deaf, though expert testimony introduced at the trial tended to show that her deafness was not caused by the injury but by nervousness, nevertheless it was proper for the jury to take into consideration her deafness as a proper element of damage if they believe it resulted from the shock.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

AFFIRMED.

*Jefferson Chandler, T. M. Pierce* and *S. P. McChesney* for appellant.

(1)   The court erred in not sustaining the defendant's demurrer to the evidence.   Champagne v. Hamey, 189 Mo. 729; Payne v. Railway, 136 Mo. 575; Powell v. Railway, 76 Mo. 85.   (2)   The court erred in refusing to permit the defendant to show by the witness Houck that the deposition of the plaintiff had been altered. Mark v. Hart, 166 Mo. 523.   (3)   The court erred in permitting the plaintiff to prove, over the objection of the defendant, what the defendant's conductor had said after the alleged accident had happened about his knowledge of the plaintiff's presence on the car at the time of her alleged accident.   Adams v. Railroad, 74 Mo. 555; McDermott v. Railroad, 73 Mo. 519; Barker v. Railroad, 126 Mo. 146; Ruschenberg v. Railway, 161 Mo. 80; Lee v. Railroad, 112 Apps. 410; Wojtylak v. Coal Co., 188 Mo. 290; Hamburger v. Rinkle, 164 Mo. 407; Koenig v. Railway, 173 Mo. 721.   (4)   The court erred in refusing to permit the defendant to show that at the time of the alleged injury there was a rule of the company which forbade motormen to stop their cars in the middle of the block.   Logan v. Railway, 77 Mo. 667; White v. Railway, 84 Mo. App. 418; Alcorn v. Railway, 108 Mo. 91; 26 Am. and Eng. Railway Cases, 493.   (5)   The court erred in giving of its own motion, over the objection of the defendant, instruction No. 2, which is as follows: "If you find for the plaintiff, you will assess her damages at such sum as you believe from the evidence will fairly compensate her for such injuries as you may find she received, and for such pain of body and mind as you find she suffered as a direct result of such injury."   Under this instruction the jury were permitted to assess damages for plaintiff's alleged deafness, when it was shown that such deafness, if any, was due to nervousness

and not caused by any accident at all.   Sedgwick on
Damages (8 Ed.), sec. 125; Goss v. Railway, 50 Mo. App.
614; Carpenter v. McDavitt, 53 Mo. App. 405.   (6) The
court erred in examining one of the defendant's wit-
nesses in an unfair and improper way.   Schmidt v. Rail-
way, 159 Mo. 283.

*E. E. Rudolph* for respondent.

(1)   The plaintiff made out a prima facie case of
negligence on the part of the defendant which entitled
her to recover when she showed by evidence that she was
a passenger on defendant's car, and signified her inten-
tion to alight, and the conductor stopped the car in re-
sponse to her request, and while on the step the car was
negligently started forward, which caused her to be
thrown to the ground, inflicting upon her the injuries
complained of, and this is true even though the car stop-
ped at a place where passengers do not usually alight.
Omeara v. Transit Co., 102 Mo. App. 202; Maguire v.
Transit Co., 103 Mo. App. 459; Maxey v. Railway Co.,
95 Mo. App. 303; Fillingham v. Transit Co., 102 Mo. App.
573.   (2) The court did not commit error in permitting
plaintiff and her daughter to testify to the exclamation
made by the defendant's conductor, immediately upon
his stopping the car, after plaintiff was thrown off, and
his returning to where she lay in the street.   These were
all connected circumstances forming part of and tak-
ing place immediately after the accident, and his re-
mark was an exclamation of his feelings or regrets rath-
er than a narrative of her position, while on the car, as
appellant suggests, and hence it forms a part of the *res
gestae.*  Strode v. Conkey, 105 Mo. App. 15; Shaefer v.
Railway Co., 98 Mo. App. 451; Cunningham v. Railroad,
79 Mo. App. 527.   (3)   Where defendant failed to call
the attention of the trial court in his motion for a new
trial to alleged error in admitting incompetent evidence
offered by plaintiff, such alleged errors will not be no-

ticed or considered in the appellate court. Cowen v. Railroad, 48 Mo. 556; Wetherall v. Harris, 51 Mo. 65; Ratchford v. Creamer, 65 Mo. 48; Griffin v. Regan, 79 Mo. 75; Atkinson v. Dixon, 96 Mo. 582; Hanks v. Railway Co., 60 Mo. App. 274; Bartlett v. Beach, 128 Mo. 91; Wanstone v. Goodwin, 42 Mo. App. 49; State v. Morton, 42 Mo. App. 68; McManus v. Watkins, 55 Mo. App. 94; State v. Gatlin, 170 Mo. 371.

STATEMENT.—On July 4, 1905, plaintiff and her daughter took passage on one of defendant's street cars at Delmar Garden and paid their fare, intending to travel east to the intersection of Wash and Nineteenth streets, in the city of St. Louis. The car did not stop when it reached Nineteenth street, and the plaintiff, attempting to get off the car between Nineteenth and Eighteenth streets, either fell, or was thrown, off and severely and painfully injured. The action is to recover for these injuries. The negligence alleged in the petition is, that at plaintiff's request, the conductor caused the car to be stopped in the middle of the block between Nineteenth and Eighteenth streets to let her off; that after it had stopped, and while plaintiff was in the act of alighting, the car was negligently started forward, causing her to fall on the street, lighting on her head.

The answer was a general denial.

The evidence for the plaintiff tends to show that she gave a timely signal to stop the car at Nineteenth street, and she and her daughter left their seats in the car, and stepped out on the back platform to be ready to get off at Nineteenth street, but as the car did not stop, plaintiff did not undertake to get off but asked the conductor, who was standing on the back platform, why he did not stop the car, and informed him she had intended to get off at Nineteenth street. The conductor then signalled the motorman to stop the car and it was stopped about the middle of the block, when plaintiff proceeded

to descend the steps to get off, but before she reached the ground, the conductor gave a signal to the motorman to go ahead, and the car was started forward with such force as to cause plaintiff to fall from the steps to the street. As a result of the fall, plaintiff received a cut on the top of her head and bruises on her limbs and body.

The defendant's evidence tends to show that no signals were given to stop the car between Twentieth and Eighteenth streets, and, in fact, no stop was made until Eighteenth street was reached; that between Nineteenth and Eighteenth streets the grade was ascending to the east and the car was traveling slowly,—about four miles an hour,—and plaintiff did not give a signal to the conductor to stop the car at Nineteenth street, nor did she ask him to stop it, or say to him that she wanted to get off at Nineteenth street; that in fact the conductor was not on the back platform, but was in the front end of the car at the time plaintiff undertook to get off the car; that between Nineteenth and Eighteenth streets, plaintiff arose from her seat, went to the back platform and attempted to get off the car while it was running about four miles an hour; that the conductor turned and saw her going to the platform and, apprehending she would attempt to alight, called to her not to get off, but was too far away to reach her in time to prevent her from doing so.

The jury returned a verdict for fifteen hundred dollars in favor of plaintiff. A timely motion for new trial proving of no avail, defendant appealed.

BLAND, P. J. (after stating the facts.)—1. Prior to the trial, plaintiff's deposition was taken before a notary public on statutory notice. In her deposition, in answer to interrogatories propounded to her, plaintiff stated several times that the car did not stop for her to get off. Her evidence was taken down in shorthand by the notary. For the reason it was inconvenient for

plaintiff to return to the notary's office, or on account of her indisposition, it was agreed between the parties that her counsel might sign her deposition for her after it had been written out in longhand. The deposition was placed in the hands of plaintiff's counsel, after it was written out in longhand, and to her answer that the car did not stop, he added, "not at Nineteenth street." In plaintiff's cross-examination at the trial, in regard to her testimony as given by deposition, appears the following:

"Q. Did you state that the car never stopped at all in answer to this question, 'Did it finally come to a stop or slow down?' and your answer is, 'It never stopped at all.' Now did you make that statement to that question? A. I did not understand please; the car did not stop at Nineteenth street.

"Q. Did you make that answer to that question? A. They puzzled me.

"Q. That is not the question. Did you answer that question in that way? A. My meaning was—

Q. No argument, just answer. A. Yes, I meant the car did not stop at Nineteenth."

Anna M. Houck testified as a witness for defendant as follows:

"I am a stenographer with an experience of ten years in taking depositions, and I am a notary public. I took the deposition of Mrs. Dreyfus in this case in the presence of her attorney, Mr. Rudolph.

"Q. I call your attention to page 11 (handing the witness the deposition) keep it in your hand. On page 11, I will ask you where this appears—the deposition reads, 'kept going; did not stop at all.' Changed and made to read, 'kept going; did not stop at Nineteenth street.' . . .

"The Court: On the occasion of the examination of Mrs. Dreyfus, what did she say about the car stopping? A. Kept going, did not stop. . . .

"Q. State whether she made that statement more than once in the taking of that deposition? A. My memory is a number of times. I would not say just how many."

On her cross-examination, plaintiff admitted that she stated in her deposition, the car was not stopped at all. In explanation of the contradiction in her testimony given by deposition and at the trial, plaintiff stated she was confused and was not properly understood when her deposition was taken, that what she meant, was the car did not stop at Nineteenth street.

2. A Mr. Lee raised plaintiff from a prostrate to a sitting position on the street. Plaintiff testified she was insensible for four minutes as a result of the fall. The car ran to Eighteenth street before it was stopped. As soon as the car stopped, or as it was about to stop, the conductor jumped off and ran back to where plaintiff was sitting. Plaintiff testified that when he came to her he said, "I am very sorry. I didn't know you were not off the car." This evidence was objected to on the ground that it was hearsay, and was not a part of the *res gestae*. The objection was overruled and an exception saved at the time, but the attention of the court was not called to this ruling in the motion for new trial. That the court erred in the admission of incompetent or irrelevant evidence is not stated in the motion as a ground for new trial. The first ground set forth in the motion is, the verdict "is against the law," and defendant's counsel contends, that this assignment is broad enough to comprehend an erroneous ruling of the court on the admission of evidence. There are two clearly distinguishable features in every trial of a lawsuit,—the facts in the case and the law of the case. A verdict may be against the law of the case but not against the facts. A verdict against the law of the case is understood to be contrary to the court's instructions declaring the law, and when a new trial is moved for, on the ground

that the verdict is against the law, the court to whom the motion is addressed understands the contention of the mover is, that the jury either misapprehended or disregarded the law as declared by the court in its instructions, but would not understand that the court's attention was called to all and every objection and exception taken to its rulings in the progress of the trial; if so, then a motion for new trial could and should be made a very short and formal affair.

3. The sixth ground of the motion is as follows:

"Because the court erred in examining the defendant's conductor, a witness on the stand, and putting to said conductor leading questions, and by implication of the court intimating that the court did not believe the witness so examined by the court in the presence of the jurors, which examination is as follows:

" 'Q. Do you remember where this plaintiff and her daughter were sitting in the car? A. Not positively.

" 'Q. When did they first arise from the seats and go to the rear of the car? A. That lady evidently arose when I had my back to her; I was walking near the front of the car and when I turned around to come back I saw her walking out of the car; she was stepping down on the platform then when I first seen her and I thought she was going to get off the step of the car, and I went back as fast as I could and at that time she reached the steps and I hollered and she walked off the moving car.

" 'Q. The car was not slackening its speed in the least? A. No.

" 'Q. You were at that time in the front of the car and not on the platform at all? A. I was not on the platform at all.

" 'Q. Where was her daughter at that time? A. The daughter was in the seat.

" 'Q. Do you mean to say her daughter remained in the seat and the woman got up and walked off? A. Yes.

" 'Q.  Without the daughter leaving the seat?  A. After I left the car.

" 'Q.  She remained seated in the car all the time while her mother was getting up and walked back to the platform and off the car?  A.  I suppose she did.

" 'Q.  Well, you say, you saw her there in the seat? A. Yes.

" 'Q.  She was not on the platform until the car stopped at Eighteenth street?  A.  No, sir.

" 'Q.  You remember that clearly?  A.  Yes, she was not on the platform.  I got off the car before the car reached Eighteenth, and as soon as the lady fell, I gave the signal to stop and stepped off the car.' "

These questions by the court and answers by the conductor are found in the abstract of the evidence, and it is recited in the abstract, that the questions were asked by the court over the objection of the defendant, but it is not stated that any exceptions were taken to the action of the court at the time.  For this reason this matter is not before us for review.  [Boogs v. Laundry Co., 86 Mo. App. 624, and cases cited.]  In his oral argument, the able counsel for appellant called our attention to the delicacy of his position at the trial, when this matter came up, and the likelihood of prejudicing his case before the jury, had he stated the reason for his objection to the action of the court and taken his exceptions at the time.  We appreciate all this, yet the delicacy of the situation, or the dire results that might have followed counsel objecting and excepting to the action of the court on its own initiative, does not change the rule, that rulings on evidence and all other matters of exception must be excepted to when announced, to authorize an appellate court to review the action of the trial court.  In this connection, however, it is not out of place to remark that in his examination of the conductor, the judge exhibited his disbelief in the veracity

of the witness. A judge has an inherent right to question a witness, indeed, it is sometimes his duty to do so in the interest of justice, but his examination should be so guarded as not to give even a hint of his opinion of the veracity of the witness, or any impression he may have as to the merits of the case. Jurors are quick to catch an impression on the mind of the presiding judge, in respect to the evidence of the merits of the cause, and his influence, when thrown into the scale, is of great weight and may be controlling. He cannot, therefore, be too cautious in concealing from the jury his convictions or impressions on all questions which should be left to the jury to decide.

4. Defendant offered to prove by the motorman that it had a rule prohibiting its carmen from stopping a car between cross streets for the purpose of taking on or discharging passengers. The court excluded this evidence. We think this ruling was correct, for the reason plaintiff was not bound by the rules of the company, and if, as she testified, the conductor stopped the car, in compliance with her request, for the purpose of letting her off, and while she was in the act of alighting, had the car started, causing her to fall on the street and be injured, the rule affords no defense, for the conductor was the representative of the defendant, its vice-principal for the time, in the management of the car, and the company is liable for his acts in negligently starting the car, though done in violation of the rules. [Boden v. Transit Co., 108 Mo. App. 696, 84 S. W. 181; Breen v. Transit Co., 102 Mo. App. 479, 77 S. W. 78; O'Brien v. Transit Co., 185 Mo. 263, 84 S. W. 939.]

The court gave the following instruction on the measure of damages:

"2. If you find for the plaintiff, you will assess her damages at such sum as you believe from the evidence will fairly compensate her for such injuries as you may

find she received, and for such pain of body and mind as you find she suffered as a direct result of such injury."

Defendant contends that under the instruction, the jury were permitted to assess damages for plantiff's alleged deafness, when it was shown such deafness, if any, was due to nervousness, and not caused by the accident. Plaintiff's evidence tends to show that prior to her injury her hearing was normal in both ears, but after the injury she was deaf, or about so, in one ear. The expert testimony tends to show that her deafness was not caused by an injury to the eardrum but by nervousness. The reasonable inference from this, and other evidence in the case, is that plaintiff's deafness resulted from nervous shock received at the time of the injury; if so, her deafness was a proper element of damages and should have been taken into consideration by the jury in estimating the damages. But if this is not so, the instruction being in general terms, if defendant wished to have the element of deafness eliminated from the estimate of the damages, it should have asked an appropriate instruction to that effect. [Longan v. Weltmer, 180 Mo. l. c. 335-6, 79 S. W. 655, and cases cited.] Proper exceptions were not saved to any reversible error, if such error intervened on the trial, wherefore the judgment is affirmed. All concur.