ELLA L. GASTON, ADMINISTRATRIX OF THE ESTATE OF IDA E. FOREMAN, DECEASED, APPELLANT, v. ST. LOUIS PUBLIC SERVICE COMPANY, A CORPORATION, RESPONDENT.*—20 S. W. (2d) 559.

St. Louis Court of Appeals. Opinion filed October 8, 1929.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2813, p. 830, n. 45; New Trial, 46CJ, section 148, p. 197, n. 23; section 499, p. 429, n. 15.

*Erwin F. Vetter* and *Joseph A. Falzone* for appellant.

*T. E. Francis* and *Vance J. Higgs* for respondent.

BECKER, J.—This is a suit instituted by Ella L. Gaston, administratrix of the estate of Ida E. Foreman, deceased, to recover the penalty provided by section 4217, Revised Statute of Missouri 1919, for causing the death of said Ida E. Foreman, plaintiff's younger sister, alleged to have been caused by the negligence of the defendant.

The trial resulted in a verdict in favor of plaintiff for $7000. The defendant filed its motion for a new trial and the court thereupon ordered plaintiff to confess a *remittitur* in the sum of $2000, and plaintiff refusing to confess such *remittitur* the court sustained defendant's motion for a new trial on the sole ground that the verdict was excessive. Plaintiff in due course appeals.

Plaintiff's petition alleges, and the proof adduced at the trial in support thereof, tended to prove that on the 17th day of December, 1927, Ida E. Foreman was a passenger on a Delmar-Olive street car owned and operated by defendant, and that due to the negligence of the defendant she was violently thrown against the seats and onto the floor of the street car and seriously injured, and that she died as the direct result of such injuries. The deceased was single and unmarried, aged from sixty-two to sixty-eight years, and is not survived by either father or mother. Plaintiff, who is a widow and has no children, is an only (aged) surviving sister of the deceased and apparently was entirely dependent upon the deceased for a livelihood.

On this appeal it is urged on behalf of plaintiff below that the trial court erred in ordering plaintiff to make a *remittitur* and upon the default thereof granting defendant a new trial, in that under section 4217, Revised Statute of Missouri 1919, the Legislature has left the amount of the verdict to the sole discretion of the jury between the limitations prescribed therein, and by the very language of the statute itself the Legislature forewarned the court not to interfere with the discretion of the jury or to attempt to limit their findings.

It is no longer open to controversy that the entire recovery provided for under this statute, whether it be the minimum of $2000 or the maximum of $10,000, or an intermediate sum in the discretion of the jury, is primarily intended as punishment for causing death by negligence, unskillfullness or criminal intent, whatever incidental or secondary purpose it might at the same time subserve, and it has repeatedly been held that the Legislature intended that the entire forfeiture provided by the statute as amended is to be enforced in all cases as a punishment, and that the amount thereof is not to be limited or controlled by the rules of law that govern the laws of compensatory damages. In the case of Grier v. Kas. City, C. C. & St. J. Ry. Co., 286 Mo. 523, 228 S. W. 454, it has been directly held that the jury may take into consideration the circumstances attending the negligent or wrongful act causing death, and also the extent of the pecuniary loss, if any, in fixing the amount of the recovery although the entire recovery is essentially and primarily penal. And on the question of the phrase "in the discretion of the jury," it was there held that "the exercise of discretion implies a knowledge of the facts upon which the discretion may properly operate."

And the more recent case of Ward v. Mo. Pac. Ry. Co., 311 Mo. 92, 277 S. W. 908 (an opinion In Banc) reaffirms the view expressed in the Grier case in elucidating the range of facts to be considered by the jury in awarding damages under the penalty statute (Sec. 4217)

and again specifically holds that evidence of the circumstances which would mitigate or aggravate the penalty, including the pecuniary injury to the party affected, is admissible for the purpose of fixing the amount of the verdict or penalty, and are to be considered by the jury for that purpose.

Section 4217 establishes the authority in and makes it the duty of the jury to render a verdict in effect fixing a penalty which they in their discretion may deem fit and proper in light of any circumstances which either tend to mitigate or aggravate the penalty, including the pecuniary injury to the party affected. It is readily apparent therefore that such discretion is not to be an unbridled or arbitrary one but a legal, sound and honest discretion and that any abuse of such discretion is subject to correction by the court on motion to set aside the verdict and grant a new trial.

In this latter view we are supported by the action of the Supreme Court in the Grier case, supra, in which case the court considered and ruled adversely an assignment of error to the effect that there was an abuse of discretion on the part of the jury in assessing the penalty at the maximum provided under the statute.

It is trite doctrine that the function or duty of granting a new trial rests peculiarly and specially within the sound discretion of the trial court and unless it is manifest and apparent that this judicial discretion has been abused or injustice has been done, its ruling in that regard will not be disturbed by an appellate court. [Farrell v. St. Louis Transit Co., 103 Mo. App. 454, 78 S. W. 312, and cases cited.]

The record discloses that Ida E. Foreman at the time she met with her injuries was a passenger on one of the defendant's street cars, and that as she was in the act of taking a seat the car lurched forward and threw her between the seats to the floor of the car causing her injuries which caused her death some fifty-five hours thereafter. The coroner's autopsy disclosed that the deceased had numerous bruises and discolorations, severe bruises on her right temple and five fractured ribs, one of which had punctured her lung. Despite her injuries Miss Foreman continued on the car to the end of the line where defendant's employees, upon finding her slumped in a seat in the rear of the car, assisted her to board a car of another division on which she rode to her destination. She was assisted to her home by a neighbor.

The only testimony as to the age of the deceased is that of the doctors who attended her, who testified she was apparently between sixty-two and sixty-eight years of age.

Ella L. Gaston, the administratrix, is an older sister and the sole beneficiary of the estate of the deceased. While it appears that Ella Gaston was dependent upon the deceased for her support, there is

no testimony as to her (Ella Gaston) age nor as to the salary earned by the deceased during her lifetime, nor what amounts she contributed to her said sister.

In this state of the record we are unable to rule that the trial court abused its judicial descretion in requiring a *remittitur* of $2000, and upon plaintiff refusing to make such a *remittitur* to grant defendant a new trial. It follows that the judgment should be affirmed. It is so ordered. *Haid, P. J.*, and *Nipper, J.*, concur.