COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


WESLEY SHAMEL WILLIAMS
                                           OPINION BY
v.        Record No. 0874-96-2    JUDGE SAM W. COLEMAN III
                                         APRIL 22, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Donald W. Lemons, Judge

          Craig S. Cooley (Betty Layne DesPortes;
          Steven D. Benjamin and Associates, on
          briefs), for appellant.

          Daniel J. Munroe, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     In this appeal, we consider for the first time in Virginia

whether a trial court may permit a juror in a criminal case to

submit a question to be asked of a defense witness.  The trial

court received a juror's question in writing, read the question

in open court in the presence of counsel, the jury, and the

witnesses, and then permitted counsel to ask additional questions

in order to clarify the uncertainty in the evidence described by

the juror's question.  The trial judge did not inform counsel of

the content or nature of the question before reading it.  We hold

that the trial court did not abuse its discretion by the

procedure it adopted for receiving and handling the juror's

question.  Accordingly, we affirm the defendant's convictions.

     Wesley Shamel Williams appeals his convictions for first

degree murder, use of a firearm in the commission of a felony,

and possession of a firearm by a convicted felon.  At trial the sole factual dispute was whether the defendant or another man shot the victim.

During cross-examination of the defendant's first witness, a juror indicated to the judge that he wanted to have the witness' testimony clarified as to the positions of the defendant, the victim, and another man when the victim was shot.  The judge directed the juror to submit the question in writing.  After the Commonwealth's attorney completed her cross-examination, the judge asked the juror whether his question had been answered. The juror replied that he was still confused.

At a side bar conference, during which the judge did not inform counsel of the content of the juror's question, defense counsel objected, stating, "I think this is dangerous for the jury to start beginning with lots of questions."  The judge ruled:

> I am going to be limiting, to allow the jury to tell the Court that they are confused about something.  I'm not going to let jurors question witnesses, but I am going to let them tell me if they want a question answered.  It's going to be limited.  Your objection is noted for the record.

The judge then read the question aloud in open court:

> This written question was a statement from one of the jurors, which I will read to you. When the Commonwealth was questioning Otis about the positions of and directions that . . . [they] were facing, the directions in which each were facing was unclear.  I would like to have these facts clarified if I might.  Thank you.  Does that prompt any further questions for you Ms. Cardwell [the

Commonwealth's attorney]?

The trial judge did not direct the question to the witness. Rather, he permitted the Commonwealth's attorney to further cross-examine the witness about the positions of the people during the shooting.  After the Commonwealth's attorney's questioning, the judge stated, "We're not going to have this process go on like that.  I'm sorry.  Go ahead."  Defense counsel then conducted redirect examination of the witness.

"[T]he conduct of a trial is committed to the sound discretion of the trial court."  Justus v. Commonwealth, 222 Va. 667, 676, 283 S.E.2d 905, 910 (1981), cert. denied, 455 U.S. 983 (1982); Cunningham v. Commonwealth, 2 Va. App. 358, 365, 344 S.E.2d 389, 393 (1986).  Juror questioning of witnesses is an issue of first impression in Virginia.[1]  The issue of interactive juries or questioning by jurors has been considered in many jurisdictions.  The majority of courts that have considered the issue have held that the trial court may, in the exercise of its sound discretion, permit juror questioning, but the court should take precautions to avoid the potential for abuse or prejudice.

The federal circuit courts have uniformly held that the propriety of juror questioning is a matter committed to the sound discretion of the trial judge.  See, e.g., United States v. Bush,

---

[1] In Federal Dep. Ins. Corp. v. Mapp's Ex'r, 184 Va. 970, 983, 37 S.E.2d 23, 28-29 (1946), the Virginia Supreme Court refused to rule on a plaintiff's assignment of error to a juror's questioning of a witness because the trial court's ruling on the issue was not adverse to the plaintiff.

47 F.3d 511 (2d Cir. 1995); <u>United States v. Cassiere</u>, 4 F.3d 1006 (1st Cir. 1993); <u>United States v. Lewin</u>, 900 F.2d 145 (8th Cir. 1990); <u>DeBenedetto v. Goodyear Tire & Rubber Co.</u>, 754 F.2d 512, 515 (4th Cir. 1985); <u>United States v. Callahan</u>, 588 F.2d 1078 (5th Cir.), <u>cert. denied</u>, 444 U.S. 826 (1979).  However, while recognizing the trial court's discretion, many federal courts discourage the practice due to the potential for prejudice or abuse.  Some courts express concern that jurors, by taking an active role in the adversarial process, will become inquisitors, thereby compromising their neutrality.  <u>See</u> <u>United States v. Thompson</u>, 76 F.3d 442, 448 (2d Cir. 1996); <u>Bush</u>, 47 F.3d at 515 ("It is difficult for jurors to be both active participants in the adversarial process, embroiled in the questioning of witnesses, and detached observers, passing on the credibility of witnesses and the plausibility of the facts presented.").  Also, juror neutrality will often appear to be compromised because the questions posed are often in the form of commentary on the evidence.  <u>See</u> <u>Bush</u>, 47 F.3d at 515.

Jurors, who are unfamiliar with the rules of evidence, are more likely to ask objectionable or prejudicial questions, <u>see</u> <u>DeBenedetto</u>, 754 F.2d at 516, which places counsel in the difficult position of possibly alienating the jury by objecting or suffering the prejudice by remaining silent.  <u>See</u> <u>Bush</u>, 47 F.3d at 515.  Other courts have expressed concern that juror questioning may encourage premature jury deliberation and that

the impact of one juror's questions may unduly impact another juror's independent thought process.  <u>DeBenedetto</u>, 754 F.2d at 516.

A majority of state appellate courts also hold that juror questioning lies within the trial judge's sound discretion.  <u>See</u> 3 John H. Wigmore, <u>Evidence</u> § 784a (Chadbourn rev. 1970); 98 C.J.S. <u>Witnesses</u> § 351 (1957 & Supp. 1996).  <u>But see</u> <u>Morrison v. State</u>, 845 S.W.2d 882 (Tex. Crim. App. 1992) (holding that juror questioning is improper in a criminal case); <u>State v. Zima</u>, 468 N.W.2d 377 (Neb. 1991) (same).  Several jurisdictions encourage juror questioning in order for jurors, as the fact finders, to obtain a fair understanding of the facts.  <u>See</u> <u>Stamp v. Commonwealth</u>, 253 S.W. 242 (Ky. 1923).  "[A] juror may, and often does, ask a very pertinent and helpful question in furtherance of the investigation."  <u>State v. Howard</u>, 360 S.E.2d 790, 794 (N.C. 1987) (citation omitted).  "Because the jury is the finder of fact, it should be permitted to ask questions which may assist in reaching its ultimate decision in the case."  <u>State v. Hays</u>, 883 P.2d 1093, 1099 (Kan. 1994).

In Virginia, an accused has the fundamental right to trial by a fair and impartial jury.  <u>See</u> <u>Gray v. Commonwealth</u>, 226 Va. 591, 592-93, 311 S.E.2d 409, 409 (1984).  The function of a jury is to assure a fair and equitable resolution of all factual issues.  <u>Colgrove v. Battin</u>, 413 U.S. 149, 157 (1973).  The jury serves as the final arbiter of the facts, "charged with weighing

- 5 -

the evidence, judging the credibility of the witnesses, and reaching a verdict" in the case.  Edmonson v. Leesville Concrete Co., 500 U.S. 614, 625 (1991); see also DeBenedetto, 754 F.2d at 516 ("Our judicial system is founded upon the presence of a body constituted as a neutral factfinder to discern the truth from the positions presented by the adverse parties.").  A jury's factual findings will not be disturbed on appeal unless plainly wrong or unsupported by the evidence.  See id.; Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

We hold that the trial court, in the exercise of its sound discretion, may permit jurors to submit written questions to be asked of a witness.  The trial court's discretion will not be reversed on appeal absent some prejudice caused by the questioning or the procedure adopted for receiving and submitting the questions.  We do not discourage trial judges from exercising their discretion to permit juror questioning, provided they adopt procedures that assure control over the process and avoid the pitfalls that have potential for prejudice.

In this case, the trial judge did not abuse his discretion.  Although the record is unclear whether the trial judge consulted with counsel before disclosing the content of the question in open court, a practice which we deem to be desirable, see Bush, 47 F.3d at 516, it was apparent that the juror's question merely sought clarification from the witness about the location of people at the murder scene.  See State v. Barrett,

297 S.E.2d 794, 796 (S.C. 1982), cert. denied, 460 U.S. 1045 (1983) ("[A] juror has no more right to ask an immaterial, incompetent or irrelevant question than has counsel."). The judge did not err by permitting counsel to ask questions in order to clarify those facts relevant to the juror's question. See Bush, 47 F.3d at 516.

The trial judge took the precaution of requiring the juror to submit the question in writing. See Howard, 360 S.E.2d at 795 (requiring juror questions to be in writing and given to the judge); Bush, 47 F.3d at 516 (recommending that the judge ask the question). The process did not interrupt the examination of the witness. See Hays, 883 P.2d at 1102 (expressing concern about juror questions interrupting the order of evidence presentation by counsel). Also, the judge held a side bar conference, which gave counsel the opportunity to object to the question or procedure outside the jury's presence without alienating them. See Barrett, 297 S.E.2d at 796 ("The trial judge should meticulously endeavor to make it unnecessary for offended counsel to interpose an objection to a juror's question in his presence.").

Finally, the defendant contends that the trial court's statement, "[w]e're not going to have this process go on like that," constituted a refusal to allow other jurors to ask questions and restricted defense counsel's redirect. From our reading of the record, we do not interpret the judge's comment to

be a ruling that prohibited further questions from the jury or from defense counsel.  Moreover, if defense counsel considered the statement to be an erroneous ruling on the right of counsel or jurors to ask questions, she failed to object at trial and cannot be heard to complain on appeal.  See Rule 5A:18.

In summary, we hold that whether to allow juror questions is a matter left to the sound discretion of the trial court.  Trial courts which permit juror questions should adopt procedural safeguards to avoid prejudice to the parties.  In this case, the trial court did not err in allowing a juror question.  Accordingly, we affirm the defendant's convictions.

Affirmed.