COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Humphreys
Argued at Richmond, Virginia


MARCO LANCE MARTIN

                                    MEMORANDUM OPINION* BY
v.    Record No. 1405-01-2          JUDGE ROBERT J. HUMPHREYS
                                         JUNE 25, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                 Catherine Currin Hammond, Judge

        Michael Morchower; Christopher C. Booberg
        (Morchower, Luxton and Whaley; Thorsen &
        Scher, L.L.P., on briefs), for appellant.

        Richard B. Smith, Senior Assistant Attorney
        General (Jerry W. Kilgore, Attorney General,
        on brief), for appellee.


     Marco Lance Martin appeals his conviction, after a jury

trial, for second degree murder of his infant daughter.  Martin

contends the trial court erred in refusing his proposed

instruction on the theory of accident, and in finding the evidence

sufficient as a matter of law to prove the element of malice.  We

disagree and affirm the judgment of the trial court.

     On appeal, Martin first contends that the trial court erred

in refusing his instruction pertaining to the theory of accident.

During Martin's trial, at the conclusion of the evidence, the

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this memorandum
opinion has no precedential value, we recite only those facts
necessary to our holding.

trial court gave the jury finding instructions on capital murder, second degree murder and involuntary manslaughter. Martin had also proffered the following instruction on the theory of accident:

> Where the defense is that the killing was an accident, the defendant is not required to prove this fact. The burden is on the Commonwealth to prove beyond a reasonable doubt that the killing was not accidental. If after considering all the evidence you have a reasonable doubt whether the killing was accidental or intentional, then you should find the defendant not guilty.

Martin argued that although his conduct in shaking his infant child was not accidental, the infant's resulting death was accidental. The trial court denied the instruction finding that the facts of the case did not support the instruction. The judge stated "[t]here's just not enough testimony to create a reasonable hypothesis that there was an accident."

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'"[1] "However, [a] defendant is entitled to have the jury instructed only on those theories of the case that are supported by evidence."[2]

---

[1] Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)).

[2] Frye v. Commonwealth, 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986) (citing LeVasseur v. Commonwealth, 225 Va. 564,

-

"[F]or purposes of resolving the issue of the trial court's jury instruction, we are concerned with [Martin's] version of the events surrounding the crime[] and not a determination of [their] truthfulness."[3]  Nevertheless, "[t]he evidence to support an instruction 'must be more than a scintilla,'"[4] and "[a] jury instruction, even though correctly stating the law, should not be given if it is not applicable to the facts in evidence."[5]

"The rule in Virginia is that every homicide is presumed in law to be murder in the second degree, and the burden is upon the accused to reduce it to manslaughter, voluntary or involuntary, or to show that the killing was justifiable or excusable, in the latter case — for example, an unavoidable accident."[6]  The Supreme Court of Virginia has recognized that "[e]xcusable homicide per infortunium, or by misadventure or accident, is where a person unfortunately kills another in the doing of a lawful act, without any intent to hurt, and without criminal negligence.  If a man kills another in doing a lawful act in a lawful manner, that is,

_____

590-91, 304 S.E.2d 644, 658-59 (1983), cert. denied, 464 U.S. 1063 (1984)) (other citations omitted).

[3] Sam v. Commonwealth, 13 Va. App. 312, 322, 411 S.E.2d 832, 837 (1991).

[4] Frye, 231 Va. at 388, 345 S.E.2d at 280 (quoting LeVasseur, 225 Va. at 590, 304 S.E.2d at 658).

[5] Bolyard v. Commonwealth, 11 Va. App. 274, 277, 397 S.E.2d 894, 896 (1990).

[6] Mundy v. Commonwealth, 144 Va. 609, 614-15, 131 S.E. 242, 244 (1926).

-

without negligence, the homicide is excusable, 'for the act is lawful, and the effect is merely accidental."[7]  For instance:

> When men, while drunk or sober, drive automobiles along highways and through crowded streets recklessly, the killing of human beings is a natural and probable result to be anticipated.  When a homicide follows as a consequence of such conduct, a criminal intent is imputed to the offender and he may be punished for his crime.  The precise grade of such a homicide, whether murder or manslaughter, depends upon the facts of the particular case.  One, however, who accidentally kills another, even though he may be chargeable with some actionable negligence, is not guilty of a crime, unless his negligence is so gross and culpable as to indicate a callous disregard of human life and of the probable consequences of his act.  The crime is imputed because of the recklessness, and where there is no recklessness there is no crime.[8]

Thus, although an accused is entitled to an instruction presenting his theory of accidental killing as a defense – this is true only when the evidence warrants the instruction.[9]  Here, there is no evidence that the infant's death was the result of misadventure.  Instead, the evidence, even as stated by Martin, demonstrated that the death was the natural and probable result of reckless and/or culpably negligent conduct on the part of Martin.

---

[7] _Valentine v. Commonwealth_, 187 Va. 946, 954, 48 S.E.2d 264, 268 (1948).

[8] _Goodman v. Commonwealth_, 153 Va. 943, 952, 151 S.E. 168, 171 (1930).

[9] _Martin v. Commonwealth_, 218 Va. 4, 6, 235 S.E.2d 304, 305 (1977).

-

Accordingly, upon the evidence in this case, the jury would not have been justified in taking the view that the infant's death was caused by accident.  Therefore, we hold that the trial court did not err in refusing the instruction.

Martin next contends that the trial court erred in finding the evidence sufficient as a matter of law to establish the necessary element of malice, beyond a reasonable doubt.  Once again, we disagree.

"When considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom."[10] "The jury serves as the final arbiter of the facts, 'charged with weighing the evidence, judging the credibility of the witnesses, and reaching a verdict' in the case."[11]  Further, a jury's factual findings will not be disturbed on appeal unless plainly wrong or unsupported by the evidence.[12]

> To establish the crime of second-degree murder, "the defendant must be shown to have wilfully [sic] or purposefully, rather than negligently, embarked upon a course of wrongful conduct likely to cause death or

[10] Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

[11] Williams v. Commonwealth, 24 Va. App. 577, 582, 484 S.E.2d 153, 155 (1997) (quoting Edmonson v. Leesville Concrete Co., 500 U.S. 614, 625 (1991)).

[12] Id.

-

great bodily harm." Malice is the element that distinguishes murder from manslaughter. The trier of fact may infer malice from the deliberate use of a deadly weapon unless the evidence raises a reasonable doubt whether malice existed. Killing with malice but without premeditation and deliberation is murder in the second degree.[13]

"Malice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will. It may be directly evidenced by words, or inferred from acts and conduct which necessarily result in injury. Its existence is a question of fact to be determined by a jury under proper instructions."[14]

On this record, there is ample evidence upon which the jury could have based its finding that Martin acted with malice in his actions with regard to the infant. Martin himself conceded that he shook the infant "hard, three times." Moreover, the medical evidence, without conflict, demonstrated that the infant's death was caused by nothing other than "shaken baby syndrome." The medical evidence further established that the injury sustained by the infant was very severe, and would have necessarily been caused by a tremendous amount of force.[15] Thus, on this evidence, we

---

[13] Elliot v. Commonwealth, 30 Va. App. 430, 436, 517 S.E.2d 271, 274 (1999) (quoting Essex v. Commonwealth, 228 Va. 273, 280-81, 322 S.E.2d 216, 220 (1984)).

[14] Dawkins v. Commonwealth, 186 Va. 55, 61, 41 S.E.2d 500, 503 (1947).

[15] Dr. Marcella Fierro, the Chief Medical Examiner for the Commonwealth of Virginia, whose office performed the autopsy on

cannot hold that the jury's finding of malice, beyond a reasonable doubt, was plainly wrong. Accordingly, we affirm the judgment of the trial court.

Affirmed.

---

the infant, testified that "to have received an accidental injury with . . . these catastrophic findings of subdural hemorrhage, subarachnoid hemorrhages, tremendous brain swelling, optic nerve hemorrhage, retinal nerve hemorrhage, the, the class of the accident that would have had to have occurred to cause this would be something like motor vehicle violence, the child who is thrown against the windshield or fell from two stories . . . . This is a major, major injury."

-