STATE OF MISSOURI, RESPONDENT, v. SAM SICKLES, APPELLANT.*

In the Springfield Court of Appeals. Opinion filed July 17, 1926.

1.—**Intoxicating Liquors.** Evidence **held** insufficient to take question of defendant's possession of part of still to jury.

2.—Criminal Law—Examination of Witness by Juror. Permitting juror to ask defendant improper questions affecting his citizenship and nationality held reversible error, though no objection was made.

3.—Same—Same—Objection not Essential to Review. Objection to question asked witness by juror is not essential to review, in view of possibility of offending juror by objection. ‘

4—Witnesses. Court may but is not required to permit a juror to question witness.

---

*Corpus Juris-Cyc. References: Criminal Law, 17CJ, p. 56, n. 16; p. 62, n. 89, New; p. 77, n. 34; Intoxicating Liquors, 33CJ, p. 786, n. 54; Witnesses, 40Cyc, p. 2410, n. 76, New.      ·¡

Appeal from the Circuit Court of New Madrid. County.—Hon. Henry C. Riley, Judge.

REVERSED AND REMANDED.

*S. J. Jeffries* and *Von Mayes* for appellant.      - ·

No brief for respondent.      .·

(1) The court regulates the examination of witnesses and where he permits a juror (a right that does not otherwise exist) to propound questions to the defendant the court should upon his own initiative protect the defendant from incompetent questions of the juror and not force the defendant to object and thereby run the risk of offending the interrogating juror and prejudice his case. This is one of those errors the appellate court should consider, though raised for the first time on appeal. 3 Corpus Juris, sec. 637, p. 744; 28 R. C. L., secs. 179 and 180, p. 586. It has been held that incompetent questions under certain circumstances, whether objected to or not, constitute reversible error. State v. Burns, 228 S. W. 769. (2) The evidence does not support the verdict upon the second count of the information. It can as well be said that the defendant did not know of the presence of the part of the still in question in his building as that he did know it. State v. Fargo, 251 S. W. 84; Daniels v. Commonwealth, 194 Ky. 513; State v. Rutledge, 262 S. W. 718.. (a) The punishment under the first count is excessive. (3) A physician may lawfully possess and dispense intoxicating liquor. State v. Ryan,. 269 S. W. 627. (4) It is error for a trial judge to conduct an extended examination of a witness, or usurp the place of counsel. Parker v. State, 132 Tenn., 327; Sharp v. State, 51 Ark. 147; L. R. A. 1916A, 1190 and note; 14 A. S. R. 27; Note: ‘6 Ann. Cas. 479. · Exception not necessary. 17 C. J., secs. 3337-3343. If it is error for the court to conduct an extended examination of a witness, it follows that it

would be error for the court to permit a juror to so usurp the place of counsel.

COX, P. J.—Defendant was charged in two counts with a violation of the state prohibition law. In the first count he was charged with unlawful possession of intoxicating liquor. The second count charged the possession of a copper cooker, the same being a part of a still. Both charges are misdemeanors. The case originated in Pemiscot county and was sent to New Madrid county on change of venue. Defendant was tried by a jury, convicted on both counts and has appealed to this court.

It is insisted that the evidence is not sufficient to support the verdict on the second count charging possession of part of a still. The defendant owned a two-story building in Caruthersville in Pemiscot county. The first story was used by him for a grocery store. He lodged in one room in the building. The second story was used as a rooming house and was rented to other persons and hence not controlled by defendant. There was an outside stairway to the second story, both at the front and at the rear. In the service of a search warrant, the officers found in the attic of this house a copper cooker that was shown to be part of a still. The attic was reached from an opening in the ceiling of a hallway on the second floor. There was no evidence as to who had placed the copper cooker in the attic or to whom it belonged or that defendant had ever had actual possession of it in any way. The State must have relied upon the fact that defendant was the owner and occupied a part of the building to show possession of the copper cooker by him. The parties who had rented and who occupied the second story had the same access to the attic as did defendant. The attic was not used by anybody, except by the party who placed the cooker there, and then only for that purpose as far as the evidence in this case shows. Under that state of facts, nothing further appearing, we do not think the proof of ownership was sufficient to take to the jury the question of defendant's possession of the copper cooker found in the attic of the building. The demurrer to the evidence as to the second count of the information should have been sustained.

While defendant was on the witness stand as a witness in his own behalf, one of the jurors asked permission to ask him questions. Permission was granted by the court and the juror asked some questions of defendant. Then defendant's counsel asked some questions and then the same juror again asked further questions. In this last questioning by the juror he asked defendant how long he had lived in this country and if he was a naturalized citizen of this country and then asked defendant his nationality. The defendant answered that he was a Russian Jew. The other questions asked by the juror

were of such a character as to indicate that the juror thought defendant guilty. In asking about the nationality of defendant, this juror must have had in mind some purpose other than to develop the facts in relation to the guilt or innocence of the defendant. Defendant had not been asked as to his nativity in his examination in chief, nor whether he was a naturalized American citizen, and the questions asked by the juror were improper and had objection been made thereto the court should have sustained the objection. No objection was made. When a witness is being examined by counsel, the general rule is that if no objection is made and no exception saved, the error cannot be reviewed in the appellate court. It has been held that this rule applies to questions that may be asked a witness by the judge before whom the case is being tried. [Dreyfus v. St. Louis & Suburban R. Co., 124 Mo. App. 585, 102 S. W. 53.]

Should the same rule apply to questions asked a witness by a juror? Must counsel take the risk of offending a juror and prejudicing him against counsel's case in order to save the point for review? Suppose he makes an objection and the court sustains it. Will not the juror who asked the question be likely to be offended? The counsel is thus put to the choice of offending a juror by an objection or letting incompetent testimony go in without objection. If the court asks an improper question, counsel can object and save the point without offending the juror, and can seek redress in a higher court but he cannot do that when a juror asks an improper question. If he objects to the question and by so doing offends the juror and he looses his case he has no remedy. A juror is not selected for the purpose of asking questions. He is not expected to take the place of counsel in the trial of a case. While he may be permitted by the court to propound questions to a witness, and it is often proper for such procedure to be taken, yet, the court is not required to permit a juror to ask questions, and may, in the exercise of a sound discretion, refuse to allow a juror to examine a witness at all. When a juror by permission of the court does propound questions to a witness, he does it at his own request and by reason of the court having granted him permission to do so. He does not do it at the invitation of counsel. When such permission is granted by the court, the juror, to some extent at least, represents the court and the court having, by grace, permitted the juror to assume the role of counsel, should see to it without objection being made that no improper questions were asked of the witness by him. It is the duty of the court to see that a defendant in a criminal case has a fair and impartial trial, and when he grants permission to a juror to ask questions of the witness he ought, of his own volition, to control the examination far enough to see that no improper questions were asked. When the juror in this case began to ask defendant about his citizenship in this country

and his nativity, it should have impressed the court that the juror must have been moved by some purpose other than to elicit material facts which could properly be considered by the juror in passing upon the guilt or innocence of the defendant and he should have immediately stopped the examination of the witness by the juror and should not have permitted his questions to have been answered. The juror was proceeding by the grace of the court and not by right and in so delicate a situation the court should have acted without requiring objection to be made by counsel.

The judgment will be reversed and the cause remanded. *Bradley,* and *Bailey, JJ.,* concur.