After a nonjury trial, the plaintiffs, Larry Latham Auctioneers, Inc., Fortune Media Communications, Inc., and Larry Latham, obtained a substantial judgment against the defendant, Ronald E. Hale. Hale appealed, raising two issues:
(1) Whether the trial court erred to reversal in permitting Hale's attorney to withdraw from the case approximately three weeks prior to the trial; and,
(2) Whether the trial court erred to reversal in denying Hale's pro se motion for a continuance.
Rule 1.16(b), Alabama Rules of Professional Conduct, provides, in pertinent part, as follows:
 "[A] lawyer may withdraw from representing a client . . . if:
". . . . *Page 155 
 "(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
 "(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
"(6) other good cause for withdrawal exists."
The comment to Rule 1.16(b) states that "[a] lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation." Whether to permit an attorney to withdraw from representing a client is a matter resting within the sound discretion of the trial court.Thomas v. Southeast Alabama Sickle Cell Ass'n, Inc.,581 So.2d 845 (Ala. 1991). In Steele v. Gill, 283 Ala. 364,369, 217 So.2d 75, 80 (1968), this Court, acknowledging that there is "no hard and fast rule" to be applied in determining whether a trial court has abused its discretion, wrote:
 "[D]iscretion is abused whenever, in its exercise, the court has acted arbitrarily without the employment of its conscientious judgment, or has exceeded the bounds of reason in view of all the circumstances, or has so far ignored recognized rules or principles of law or practice as to [cause] substantial injustice."
The record in the present case shows that Hale's attorney moved to withdraw immediately after a fee dispute had caused a substantial breakdown of his professional relationship with Hale. Both Hale and his attorney were allowed to argue their respective positions to the trial court. After carefully reviewing the record and the briefs, we agree with the trial court that the motion to withdraw was "based on reasonable and necessary grounds." Therefore, we cannot hold that the trial court abused its discretion in permitting Hale's attorney to withdraw.
The decision as to whether to grant a continuance also rests in the sound discretion of the trial court. Thomas v.Southeast Alabama Sickle Cell Ass'n, Inc., supra. The record with respect to this issue shows that the trial court granted Hale several continuances during the course of this litigation. The attorney whose withdrawal is at issue was the third attorney to represent Hale in this case. Even though Hale was aware on the day that his attorney was allowed to withdraw that the trial was scheduled to commence approximately three weeks later, he waited until the last working day before the scheduled trial date to move for a continuance. Hale stated in his motion that he needed additional time in which to hire another attorney; however, there is no evidence that Hale actually solicited the services of another attorney.[1] On the day of trial the court stated its reasons for denying the motion:
 "So it has been 19 months since the inception of the lawsuit and since all parties have been on notice that a lawsuit has been pending in this Court. It is this Court's judgment that this Court has been more than lenient with Mr. Hale . . . with regard to continuances, with regard to the allowing of withdrawal of counsel for various reasons and with regard to the putting off of hearings and motions in this matter.
 "Without going into this particular subject matter too deeply, [it is this Court's] judgment that Mr. Hale . . . [has] at one time or another been represented by competent counsel in this matter. [Hale's former attorneys] are all believed by this Court to be competent counsel to carry on a suit of this particular *Page 156 
complexity. This Court is further of the firm judgment and opinion that at each critical juncture, or at some critical juncture in this lawsuit, Mr. Hale . . . [has] behaved in such a manner as to cause this Court to both become concerned with whether or not a denial of a motion to continue the action, or whatever was occurring in the suit at that time, would cause a prejudice toward [him] such that it would not be good to go forward with the suit, and this Court believes that it has been lenient long enough.
 "This court believes now that although it might be difficult for [Hale] to proceed with this action at this particular date, . . . the prejudice on the side of the plaintiffs would be even worse, and will deny [Hale's] motion to continue at this time."
The trial court further stated in its final order as follows:
 "This Court finds as a matter of fact that since the filing of this action . . . [Hale has] been represented by at least three attorneys. . . . This Court further opines that all of said counsel are highly competent trial counsel, and that until such time as each of them was allowed to withdraw from this action, they had sought to represent [Hale] in a proper and competent manner. All requests for withdrawal made by any or all counsel for [Hale] were based on reasonable and necessary grounds. The Court further opines that [Hale's] actions, and [his] actions alone, have caused continuance, delay, and manipulation of the Court's calendar with respect to this action. This Court's record has been a compendium of patience with [Hale].
 "This Court is further of the opinion that [Hale's] inability or refusal to cooperate with [his] own counsel is the sole reason [he is] placed in a position of being without counsel at trial."
(Emphasis in original.) Under the circumstances of this case, we cannot hold that the trial court abused its discretion in refusing to grant Hale another continuance. See Thomas v.Southeast Alabama Sickle Cell Ass'n, Inc., supra.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] We note that a related case involving these parties was pending in Tennessee and that Hale was apparently represented in that case by an attorney licensed to practice law in Tennessee. There is no indication that Hale sought to have that attorney admitted in Alabama pro hac vice for the trial of this case. We further note that although Hale represented himself at the trial of this case, he did receive some guidance from his brother-in-law, a Tennessee resident trained in the law but not licensed to practice.