SEE, Justice.
Robert Tavares Malone, Jr., seeks a reversal of the decision of the Court of Criminal Appeals affirming, by unpublished memorandum, his conviction in the Jefferson Circuit Court for manslaughter. Malone v. State (No. CR-05-1806, May 18, 2007), 9 So.3d 578 (Ala.Crim.App.2007) (table). We affirm.

Facts and Procedural History

On the night of December 30, 2004, Malone got into an argument with Searcy Owens at a pool hall in Ensley. The argument escalated. Owens hit Malone with at least one pool cue and then grabbed Malone. Malone pulled a gun from his pocket and shot Owens five times in the abdomen; Owens later died from his wounds. Malone was indicted and tried for murder.
At the conclusion of the testimony of the first witness, the trial court informed the State and Malone that it intended to allow *62 jurors to question the witnesses directly. Malone objected, but the trial court overruled Malone’s objection. The trial court subsequently issued instructions to the jurors:
“All right, ladies and gentlemen, I will allow you to ask the witness a question. If you have a burning question in your mind as a result of the testimony, if the question is improper then I can’t let you ask the question. If you ask a question, you receive the answer. You simply receive it.
“In other words, it would be improper to say, T believe you or I don’t believe you,’ that sort of thing, okay? Okay.”
Malone’s brief at 4-5. Thereafter, as each witness finished testifying, the trial court asked the jurors if they wanted to ask that witness any questions. The jurors asked their questions directly, without first submitting them to the trial court. Jurors asked a total of eight questions of five witnesses. Malone did not object to any specific question, but he objected generally to the trial court’s soliciting questions from the jurors. Malone himself testified. At the conclusion of his testimony there were no juror questions, and Malone rested his case. The trial court then excused the jury for the evening. After the jury had left the courtroom, the bailiff informed the judge that one of the jurors had a question for Malone. Malone renewed his earlier objection, and the trial court again overruled it. The judge brought the jury back into the courtroom and allowed the juror to ask Malone a question.
The jury convicted Malone of the lesser-included offense of manslaughter, and the trial court sentenced Malone to 20 years’ imprisonment. The Court of Criminal Appeals affirmed Malone’s conviction in an unpublished memorandum. Malone v. State (No. CR-05-1806, May 18, 2007), 9 So.3d 578 (Ala.Crim.App.2007) (table). This Court granted certiorari review to address, as a question of first impression, whether a trial court has discretion to invite the jury to ask questions of witnesses in a criminal trial.

Issue

The first issue Malone presents is whether the trial court exceeded its discretion by soliciting jurors to question witnesses directly during a criminal trial. The second issue is whether the trial court exceeded its discretion by allowing a juror to question Malone after he and the State had rested their cases.

Standard of Review

Malone objected to the trial court’s practice of soliciting juror questions of witnesses; he did not, however, object to the content or form of any specific question. Trial judges are vested with broad discretion in determining courtroom procedure “as long as the exercise of that discretion does not result in the denial of the defendant’s basic constitutional right.” Hyde v. State, 778 So.2d 199, 236 (Ala.Crim.App.1998); see also Ephraim v. State, 627 So.2d 1102, 1105 (Ala.Crim.App.1993).
“ ‘A court exceeds its discretion when its ruling is based on an erroneous conclusion of law or when it has acted arbitrarily without employing conscientious judgment, has exceeded the bounds of reason in view of all circumstances, or has so far ignored recognized principles of law or practice as to cause substantial injustice. Hale v. Larry Latham Auctioneers, Inc., 607 So.2d 154, 155 (Ala.1992); Dowdy v. Gilbert Eng’g Co., 372 So.2d 11, 13 (Ala.1979).’ ”
Wright Therapy Equip., LLC v. Blue Cross & Blue Shield of Alabama, 991 So.2d 701, 705 (Ala.2008) (quoting Ed *63 wards v. Allied Home Mortgage Capital Corp., 962 So.2d 194, 213 (Ala.2007)).

Analysis

I.

Malone first argues that the trial court exceeded its discretion by “actively soliciting questions from the jurors at the conclusion of each witnesses’ [sic] testimony.” Malone’s brief at 19. Malone concedes that there would be times when it would be proper for a court to allow occasional questions by the jurors. We granted certiorari review, however, to determine whether a trial court may actively solicit questions from jurors, which is a material question of first impression before this Court.
Prather v. Nashville Bridge, 286 Ala. 3, 236 So.2d 322 (1970), is the only published case from an Alabama court that has presented the question whether jurors may directly question witnesses. This Court did not, however, reach the merits of that question in Prather because the issue was not properly preserved for appeal.
A substantial number of state courts in other jurisdictions have considered the issue whether jurors may question witnesses. They have overwhelmingly held that the practice is not error per se.[1] Moreover, “every [federal] circuit to consider the practice has permitted it, holding that the decision to allow juror questioning rests within the discretion of the trial judge.” United States v. Richardson, 233 F.3d 1285, 1289 (11th Cir.2000).[2] “Allowing jurors to ask witnesses questions is ‘neither radical nor a recent innovation.’ State v. Doleszny, 176 Vt. 203, [211,] 844 A.2d 773, [780] (2004). It is a practice with ‘deeply entrenched’ roots in the common law. United States v. Bush, 47 F.3d 511, 515 (2nd Cir.1995).” Medina v. People, 114 P.3d 845, 851 (Colo.2005). “American courts have long sanctioned the practice.” United States v. Bush, 47 F.3d 511, 515 (2d Cir.1995).
The jury’s role in a trial is to “ ‘ “assure a fair and equitable resolution of factual issues.” ’ ” Richardson, 233 F.3d at 1289 (quoting Standard Oil Co. of California v. Arizona, 738 F.2d 1021, 1031 (9th Cir.1984), quoting in turn Colgrove v. *64 Battin, 413 U.S. 149, 157, 93 S.Ct. 2448, 37 L.Ed.2d 522 (1973)). Allowing jurors to question witnesses can “serve to advance the search for truth by alleviating uncertainties in the jurors’ minds, clearing up confusion, or alerting the attorneys to points that bear further elaboration.” United States v. Sutton, 970 F.2d 1001, 1005 n. 3 (1st Cir.1992). Juror questioning can also lead to “more attentive jurors and thereby leads to a more informed verdict.” Richardson, 233 F.3d at 1290 (citing Larry Heuer & Steven Penrod, Increasing Juror Participation in Trials: A Field Experiment with Jury Notetaking and, Question Asking, 12 Law and Hum. Behav. 231, 233-34 (1988)). Proper communication is necessary for a jury to correctly fulfill its fact-finding duty and “there is reason to believe that permitting receivers of information, e.g., jurors, to ask questions enhances not only their ability to understand what is being communicated, but results in their putting forth more effort to listen and to understand because they know they may ask questions.” Yeager v. Greene, 502 A.2d 980, 999-1000 (D.C.1985).
Against this consensus, a few states, including Mississippi and Georgia, have forbidden the practice in criminal trials.[3] As reasons for rejecting the practice, those courts cite the jurors’ lack of familiarity with the rules of evidence, the risk of counsel’s offending jurors by objecting to their questions, a loss of juror objectivity, the potential creation of antagonism between a juror and a witness, and the potential of disruption to courtroom decorum. Wharton v. State, 734 So.2d 985 (Miss. 1998).
One of the concerns expressed by those jurisdictions that do not allow juror questioning is that allowing jurors to directly question witnesses will “redefine[] their role and transform[ ] them from ‘fair and impartial’ to active participants in the trial.” Wharton,, 734 So.2d at 988. The Nebraska Supreme Court was concerned that allowing jurors to ask questions would result in “a change in [the jury] system whereby jurors become advocates and possible antagonists of the witnesses.” State v. Zima, 237 Neb. 952, 956, 468 N.W.2d 377, 380 (1991). Even courts that allow jurors to ask questions of witnesses note that “[i]t is difficult for jurors to be both active participants in the adversarial process, embroiled in the questioning of witnesses, and detached observers, passing on the credibility of the witnesses and the plausibility of the facts presented.” Bush, 47 F.3d at 515. In order to guard against this possibility, most courts that allow juror questioning of witnesses require cer *65 tain safeguards, such as the submission of written questions for review by the trial judge and an opportunity for counsel to object to the question out of the presence of the jury. See Richardson, 233 F.3d at 1290-91; Bush, 47 F.3d at 511; and Sutton, 970 F.2d at 1005-06.
We agree with the majority position that allowing jurors to question witnesses is not error per se on the part of the trial court. For the same reasons the aforementioned jurisdictions have upheld the practice, we hold that it is within the discretion of the trial court to allow jurors to question a witness.
Malone argues that the trial court here erred when it went beyond merely allowing jurors to ask questions of the witnesses and actively solicited questions from the jurors. In United States v. Ajmal, 67 F.3d 12, 15 (2d Cir.1995), the United States Court of Appeals for the Second Circuit held that the trial court exceeded its discretion by allowing extensive juror questioning as a matter of course and by inviting questions at the end of each witness’s testimony. That court stated that the trial court’s decision to invite and allow extensive juror questioning was not “necessitated by the factual intricacies of [that case].” Ajmal, 67 F.3d at 14. It also noted that it considered the practice of juror questioning an allowable but disfavored practice.
In contrast, the Supreme Court of Utah, in a case in which the trial judge invited jurors to ask questions at the end of each witness’s testimony, held:
“The fact that the trial court granted the jurors permission to ask questions of witnesses without any special request from them for this privilege does not, in our opinion, in and of itself constitute error. The determining factors as to whether error has been committed is the type of questions asked and allowed to be answered. If the questions asked are not germane to the issues involved or are such as would be clearly improper and therefore prejudicial to the rights of the defendants to a fair and impartial trial, the court’s allowing them to be answered would be error.”
State v. Anderson, 108 Utah 130, 133, 158 P.2d 127, 128 (1945).
We agree with the Utah Supreme Court that soliciting questions from jurors is not error per se, but that whether the trial court has exceeded its discretion in so doing is determined by the type of questions the trial judge allows and whether those questions are prejudicial to the defendant’s rights.[4] However, we also agree with the Second Circuit Court of *66 Appeals that the practice should be disfavored and that a trial court should not promote or encourage the practice because it risks “altering the role of the jury from neutral fact-finder to inquisitor and advocate.” Ajmal, 67 F.3d at 15.
For the reasons set forth above, we hold that it is within the discretion of the trial court to solicit from jurors questions for the witnesses. We stress, however, that there are dangers inherent in the process. The trial judge in soliciting such questions should, therefore, adopt practices that protect the rights of the accused.[5]
This Court will not reverse a trial court’s judgment unless, “after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.” Rule 45, Ala. R.App. P. Here, the questions asked by the jurors were few in number, factual in nature, and did not solicit improper testimony. Moreover, Malone did not object in the trial court to any specific question, nor does he now argue that any specific question posed by a juror affected his substantial rights. Therefore, it does not appear that Malone’s substantial rights were affected by the trial court’s decision to allow the witnesses to be questioned by the jurors or to solicit those questions from the jurors. Accordingly, we conclude that the trial court did not err in soliciting the jurors to ask questions of the witnesses.

II.

Malone also argues that the trial court exceeded its discretion by allowing a juror to ask Malone a question after Malone and the State had rested their cases. At trial, however, Malone did not object to the timing of this juror question. Malone merely renewed his earlier objection to jurors’ asking questions. As the Court of Criminal Appeals noted in its unpublished memorandum:
“ ‘To preserve an issue for appellate review, the issue must be timely raised and specifically presented to the trial court and an adverse ruling obtained.’ Mitchell v. State, 913 So.2d 501, 505 (Ala.Crim.App.2005). The purpose of requiring an issue to be preserved for review is to allow the trial court the first opportunity to correct any error. See, e.g., Ex parte Coulliette, 857 So.2d 793 (Ala.2003).”
Because Malone did not raise before the trial court the issue of allowing a question to be asked after the parties had rested their cases, the trial court did not have an opportunity to correct its error, and Malone did not properly preserve the issue for appeal. We, therefore, affirm the judgment of the Court of Criminal Appeals on this ground as well.

Conclusion

Because we hold that the trial court’s soliciting the jurors to question the wit *67 nesses did not affect Malone’s substantial rights and because Malone has not demonstrated any other ground on which the Court of Criminal Appeals’ decision should be reversed, we affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
MURDOCK, J., dissents.
COBB, C.J., recuses herself.

. See, e.g., Landt v. State, 87 P.3d 73 (Alaska Ct.App.2004); State v. LeMaster, 137 Ariz. 159, 669 P.2d 592 (Ariz.Ct.App.1983); Nelson v. State, 257 Ark. 1, 513 S.W.2d 496 (1974); People v. McAlister, 167 Cal.App.3d 633, 213 Cal.Rptr. 271 (1985); Gurliacci v. Mayer, 218 Conn. 531, 590 A.2d 914 (1991); Bradford v. State, 722 So.2d 858 (Fla.Dist.Ct.App.1998); Carter v. State, 250 Ind. 13, 234 N.E.2d 650 (1968); Rudolph v. Iowa Methodist Med. Ctr., 293 N.W.2d 550 (Iowa 1980); State v. Culkin, 97 Haw. 206, 35 P.3d 233 (2001); State v. Hays, 256 Kan. 48, 883 P.2d 1093 (1994); Transit Auth. of River City v. Montgomery, 836 S.W.2d 413 (Ky. 1992); Commonwealth v. Urena, 417 Mass. 692, 632 N.E.2d 1200 (1994); People v. Heard, 388 Mich. 182, 200 N.W.2d 73 (1972); Callahan v. Cardinal Glennon Hosp., 863 S.W.2d 852 (Mo. 1993); State v. Graves, 274 Mont. 264, 907 P.2d 963 (1995); State v. Jumpp, 261 N.J.Super. 514, 619 A.2d 602 (1993); State v. Howard, 320 N.C. 718, 360 S.E.2d 790 (1987); State v. Fisher, 99 Ohio St.3d 127, 789 N.E.2d 222 (2003); Cohee v. State, 942 P.2d 211 (Okla.Crim.App.1997); State v. Anderson, 108 Utah 130, 158 P.2d 127 (1945); State v. Doleszny, 176 Vt. 203, 844 A.2d 773 (2004); and Williams v. Commonwealth, 24 Va.App. 577, 484 S.E.2d 153 (1997).

. See, e.g. United States v. Collins, 226 F.3d 457, 461 (6th Cir.2000); United States v. Hernandez, 176 F.3d 719, 724 (3d Cir. 1999); United States v. Feinberg, 89 F.3d 333, 336 (7th Cir. 1996); United States v. Bush, 47 F.3d 511, 515 (2d Cir.1995); United States v. Cassiere, 4 F.3d 1006, 1017-18 (1st Cir.1993); United States v. Groene, 998 F.2d 604, 606 (8th Cir.1993); United States v. Polowichak, 783 F.2d 410, 413 (4th Cir. 1986); and United States v. Callahan, 588 F.2d 1078, 1086 (5th Cir. 1979).

. Georgia, Minnesota, Mississippi, Nebraska, and Texas have rejected the practice of juror questioning in criminal trials. State v. Williamson, 247 Ga. 685, 279 S.E.2d 203 (1981); State v. Costello, 646 N.W.2d 204 (Minn. 2002); Wharton v. State, 734 So.2d 985 (Miss. 1998); State v. Zima, 237 Neb. 952, 468 N.W.2d 377 (1991); and Morrison v. State, 845 S.W.2d 882 (Tex.Crim.App.1992). Malone also references Ohio and Colorado cases; however, neither of those states prohibits juror questioning. Malone cites Ohio v. Gilden, 144 Ohio App.3d 69, 759 N.E.2d 468 (2001); however, in Ohio v. Fisher, 99 Ohio St.3d 127, 135, 789 N.E.2d 222, 230 (2003), the Ohio Supreme Court overruled that decision and held that “the practice of allowing jurors to question witnesses is not error — constitutional or otherwise.” Malone also cites two Colorado cases; People v. Merklin, 80 P.3d 921 (Colo.Ct.App.2003), and Medina v. People, 114 P.3d 845 (Colo.2005). In both of those cases, the courts held that allowing juror questions was not structural error. Malone cites the Supreme Court of Colorado's discussion in Medina of reasons other courts have rejected the practice of juror questioning; however, the Colorado Supreme Court goes on to reject those reasons and to hold that allowing juror questions does not "violate a defendant's constitutional rights to a fair trial and an impartial jury.” Medina, 114 P.3d at 857. Currently, both Ohio and Colorado are among the states that do not prohibit juror questioning.

. The dissent would have us hold that solicitation of juror questions for witnesses is error as a general rule, except in extraordinary or compelling circumstances, and, in support of this argument, the dissent cites United States v. Ajmal, supra. We note that other federal courts have not followed Ajmal. See United States v. Feinberg, 89 F.3d 333, 336 (7th Cir. 1996) (holding that juror questions were not prejudicial per se where "[Hollowing each witness’s testimony, [the trial court judge] turned to the jury and inquired whether they had any questions for the witness” and on 10 occasions jurors asked questions). This case is closer to the limited questioning present in Feinberg than to the "extensive” questioning allowed in Ajmal. Moreover, as was the case in Feinberg, Malone has not shown that he suffered any prejudice from the limited number of juror questions allowed in this case.
Justice Murdock, in his dissent, cites in support of his argument also the decisions of the state courts of Georgia, Minnesota, Mississippi, Nebraska, and Texas. However, those courts have not established a general rule disallowing juror questions only when those questions are solicited by the trial court; rather, they have established a rule disallowing all juror questions, whether or not they were solicited. In disallowing all juror questions, those states are in the decided minority. See supra note 1.

. The federal courts and the courts of many states follow guidelines for juror questioning of witnesses of the following general form. First, the trial court should instruct the jury, before hearing any witness testimony, that jurors will be permitted to submit questions for the purpose of clarifying the witness’s testimony. See United States v. Collins, 226 F.3d 457, 463 (2000); Sutton, 970 F.2d at 1006. Second, proposed questions from jurors should be submitted to the judge in writing. See Bush, 47 F.3d at 516; Sutton, 970 F.2d at 1005-06. Third, the judge should review the questions and confer with the attorneys, outside the presence of the jury, regarding any objections to the proposed questions. This allows die attorneys to object to questions without fear of alienating or antagonizing the jurors. See Richardson, 233 F.3d at 1291. It also protects against witnesses’ answering improper questions before the court can intervene. Finally, the judge, not die juror, should "pose the questions to the witness in a neutral manner.” Richardson, 233 F.3d at 1290.