WINDOM, Presiding Judge,
dissenting.
I do not believe that the issue upon which the majority reverses J.D.W.’s convictions is properly before this Court. Therefore, I respectfully dissent.
On appeal, J.D.W. argues that Wilb-ourn’s testimony regarding R.W.’s out-of-court statements was not admissible under Rule 801(d)(1)(B), Ala. R. Evid. The majority, agreeing with J.D.W., holds that “Wilbourn’s testimony was not admissible under 801(d)(1)(B), Ala. R. Evid; ... [accordingly, the trial court abused its discretion by allowing Wilbourn to testify to statements made by R.W.” 176 So.3d at 869.
The circuit court, however, did not permit the State to elicit Wilbourn’s testimony under Rule 801(d)(1)(B), Ala. R. Evid. Rather, the circuit court specifically held that Wilbourn’s testimony was not admissible under Rule 801(d)(1)(B), Ala. R. Evid. See (R. 373-34) (“In regard to the issue about prior consistent statements of the prosecutrix, the Court denies the state’s request that it be allowed to get into the CAC interview under 801(d)(1)(B)_”). After ruling that Rule 801(d)(1)(B), Ala. R. Evid., did not permit Wilbourn to testify regarding R.W.’s out-of-court statements, the circuit court, applying a common-law doctrine that was established before the Alabama Supreme Court adopted the Alabama Rules of Evidence, see Inmon v. State, 585 So.2d 261 (Ala.Crim.App.1991), allowed the State to admit evidence of R.W.’s out-of-court *871 statements. Specifically, the circuit court held that under Inmon the State could admit Wilbourn’s testimony about what R.W. had told her only as it related to incidents of abuse other than those charged in the indictment.[3] See (R. 378.)
J.D.W. does not challenge the propriety of the circuit court’s application of Inmon, to allow Wilbourn to testify to out-of-court statements made by R.W.[4] Therefore, that issue is not properly before this Court for review. See Smith v. State, 745 So.2d 922, 932 n. 2 (Ala.Crim.App.1999) (noting that this Court will not address issues not raised by the appellant). Cf. Jackson v. State, 127 So.3d 1251, 1255-56 (Ala.Crim. App.2010) (“Because Jackson has failed to challenge one of the circuit court’s holdings, he has waived review of this issue.”); Kellis v. Estate of Schnatz, 983 So.2d 408, 413 (Ala.Civ.App.2007) (holding that an appellant’s failure to challenge the circuit court’s alternative holding constitutes a waiver and requires that we affirm the circuit court’s decision); Andersen v. Professional Escrow Servs., Inc., 141 Idaho 743, 118 P.3d 75, 78 (2005) (“Because the Andersens have failed to challenge on appeal the district court’s alternative grounds for granting summary judgment against them, the dismissal of their case must be affirmed.”); Biales v. Young, 315 S.C. 166, 432 S.E.2d 482, 484 (1993) (holding that the failure to challenge an alternative ground for a holding constitutes abandonment of the issue and precludes further review of that holding on appeal); Johnson v. Com., 45 Va.App. 113, 609 S.E.2d 58, 60 (2005) (holding that in situations in which there is one or more alternative holdings on an issue, the appellant’s failure to address one of the holdings results in a waiver of any claim of error with respect to the court’s decision on that issue); Maher v. City of Chicago, 547 F.3d 817, 821 (7th Cir.2008) (“ ‘[I]n situations in which there is one or more alternative holdings on an issue, we have stated that failure to address one of the holdings results in a waiver of any claim of error with respect to the court’s decision on that issue.’” (quoting United States v. Hatchett, 245 F.3d 625, 644-45 (7th Cir.2001))); Coronado v. Valleyview Pub. Sch. Dist., 537 F.3d 791, 797 (7th Cir.2008) (noting that the appellant’s claim failed due to his “failure to confront the district court’s alternative holding”); Utah v. United States, 528 F.3d 712, 724 (10th Cir.2008) (holding that the failure to challenge the alternative holding of district court constitutes waiver). Consequently, the correctness of the circuit court’s decision to allow Wilbourn to testify regarding R.W.’s out-of-court statements is not properly before this Court.
Further, and more troubling, J.D.W. did not obtain an adverse ruling on the ground upon which the majority reverses the circuit court’s decision. See Heupel v. State, 113 So.3d 695, 697 (Ala.Crim.App.2012) (“To preserve an issue for appellate review, .,. an adverse ruling [must be] obtained.”). Instead, the circuit court agreed with J.D.W. and refused to admit Wilb-ourn’s testimony under Rule 801(d)(1)(B), Ala. R. Evid. Accordingly, any issue relating to Rule 801(d)(1)(B) is not preserved and not properly before this Court. Ex parte Malone, 12 So.3d 60, 66 (Ala.2008).
Because J.D.W. did not challenge and, thus, has waived review of the ground *872 upon which the circuit court admitted Wilbourn’s testimony and because J.D.W. obtained a favorable ruling on the issue upon which the majority reverses the circuit court’s decision, I respectfully dissent from the majority’s decision to reverse J.D.W.’s convictions.

. Interestingly, the majority holds that Wilb-ourn’s testimony was inconsistent with R.W.'s testimony because Wilbourn testified to incidents of abuse not mentioned by R.W. However, the circuit court, applying Inmon, specifically restricted Wilboum's testimony to incidents of abuse other than those charged in the indictment.

. I express no opinion about whether the circuit court correctly applied Inmon because that issue is not properly before this Court.