Nancy Steffen Rahmeyer, J.
A jury found Jerry L. Evans ("Defendant") guilty of one count of statutory sodomy in the first degree and two counts of statutory rape in the first degree. The victim was Defendant's biological daughter who was thirteen at the time of the offenses.[1] Before trial, Defendant waived sentencing by a jury. Following the jury's return of its verdicts, the trial court sentenced Defendant to imprisonment for twenty years on each count with the sentences to run consecutively.
The victim was the first witness called to testify. The trial court recessed the trial for the day following the completion of the victim's testimony. The next morning following the prosecutor's announcement of the first witness for the day, this exchange took place between an unidentified female,[2] the trial court, and defense counsel:
*752 THE COURT: Ma'am?
UNIDENTIFIED SPEAKER: I don't know if we're allowed to request anything, but some of us feel -- or I did - I'm going to say me -- if I could see the defendant's more than what we're seeing him sitting there now, could we see like your -- this is all we see of his eyes, and barely his eyes. Is that a do-able thing for us to ask?
THE COURT: I can't say I've ever had that asked before, so -
UNIDENTIFIED SPEAKER: We see nothing of his facial features, expressions. We see nothing at all.
THE COURT: I don't know. Counsel, do you have an objection if he kind of swings around and sits -
[DEFENSE COUNSEL]: He can swing around. I mean, but -
THE COURT: Next to -
[DEFENSE COUNSEL]: -- I need to stay here since I'm -
THE COURT: Right.
[DEFENSE COUNSEL]: And I need my -
THE COURT: I didn't know -- And I don't know. The -- Part of it's just the way that is built. I don't know if he swings around and sits next to co-counsel, if that will make it easier or not.
UNIDENTIFIED SPEAKER: It would. It would.
[DEFENSE COUNSEL]: Jerry, would you -- Maybe he could kind of maybe sit on the corner?
UNIDENTIFIED SPEAKER: It definitely would.
[DEFENSE COUNSEL]: Okay. Does that help?
UNIDENTIFIED SPEAKER: Yep, that works.
[DEFENSE COUNSEL]: Okay. Thank you.
THE COURT: Okay. Very good.
UNIDENTIFIED SPEAKER: Thank you so much.
THE COURT: Okay. All right.
There are no other references in the record to Defendant's behavior or demeanor in the courtroom.[3] Defendant did not testify. The jury did hear and observe portions of an audio/video recording of a pretrial interview of Defendant by law enforcement. The portions played for the jury lasted more than one hour.
Analysis
In a single point, Defendant asserts that the trial court "plainly erred" in violation of the federal and state constitutions "in redirecting the jury's request to observe [Defendant] to defense counsel" "in that 1) [Defendant]'s facial expressions were not properly admitted evidence, nor were they subject to examination, and, 2) by failing to address the question directly, the trial court abdicated its duty to maintain order and decorum in the courtroom and placed the burden of responding to the jury's request on the defense."[4] We reject Defendant's point for three reasons: (1) defense counsel's affirmative conduct in suggesting that Defendant reposition himself to "sit on the corner" and not lodging an objection waived review of any error; (2) if *753 any error occurred, the error was not plain; and (3) there is nothing in the record that indicates Defendant's behavior or demeanor in the courtroom resulted in manifest injustice to him.
Standard of Review
Unpreserved claims of error can only be reviewed, in our discretion, for plain error. Rule 30.20. Plain errors must be "evident, obvious, and clear." State v. Taylor , 466 S.W.3d 521, 533 (Mo. banc 2015). Review for plain error is a two-step process. State v. Walter , 479 S.W.3d 118, 131 (Mo. banc 2016). "First, the Court determines whether the claim of error facially establishes substantial grounds for believing that a manifest injustice or miscarriage of justice has resulted." Id. Second, if the first step is satisfied, we determine whether the alleged error actually resulted in manifest injustice. Id.
....
The defendant bears the burden of establishing manifest injustice, which is determined by the individual facts and circumstances of a case. State v. Mayes , 63 S.W.3d 615, 624 (Mo. banc 2001). In any event, plain error can only serve as the basis for granting a new trial on direct appeal if the error was outcome determinative. State v. Baxter , 204 S.W.3d 650, 652 (Mo. banc 2006) (quoting Deck v. State , 68 S.W.3d 418, 427 (Mo. banc 2002) ).
State v. Mendez-Ulloa , 525 S.W.3d 585, 590, 595 (Mo. App. E.D. 2017). Further,
even plain error review is waived as to particular allegations of error when counsel has affirmatively acted in a manner precluding a finding that the failure to object was a product of inadvertence or negligence, such as by affirmatively stating that the defendant has no objection to the admission of particular evidence. State v. Johnson , 284 S.W.3d 561, 582 (Mo. banc 2009) ; State v. Goers , 432 S.W.3d 276, 282 (Mo. App. E.D. 2014).
State v. Boston , 530 S.W.3d 588, 590-91 (Mo. App. E.D. 2017).
Discussion
Review of Error, If Any, Was Waived
First, when this interruption occurred, defense counsel did not request to approach the bench or lodge any other objection or request a mistrial. Instead, defense counsel first stated "[h]e can swing around," and, subsequently, affirmatively suggested that Defendant reposition himself to "sit on the corner" - a suggestion that was adopted by the trial court and satisfied the unidentified speaker's concern. In these circumstances, we believe defense counsel's affirmative conduct precludes a finding that defense counsel's failure to object was a product of inadvertence or negligence, and review of any error was waived.
In his reply brief, Defendant argues that review of any error was not waived because the unfair prejudice to him of requiring him to oppose a juror's request in open court made it unnecessary for him to object. In support of his argument, Defendant refers us to one of our decisions that is more than ninety years old - State v. Sickles , 286 S.W. 432 (Mo. App. Spfd. 1926). In State v. Sickles , we held that a trial objection was unnecessary in the context of a juror who asked blatantly improper questions of the defendant while the defendant was a witness. Id. at 433-34. Here, Defendant did not take the stand and no juror asked him any questions.
Much more recently, our Supreme Court instructed us in State ex rel. Nixon v. American Tobacco Co. , 34 S.W.3d 122, 129 (Mo. banc 2000), that "[a]n issue that was never presented to or decided by the *754 trial court is not preserved for appellate review." The Supreme Court reminded us of this rule again in Brown v. Brown , 423 S.W.3d 784, 788 & n.4 (Mo. banc 2014), and confirmed that "[a]n issue must be presented to the trial court to be preserved for appeal."[5] The Supreme Court also has instructed as follows:
Driskill asserts that he objected repeatedly to appearing by closed-circuit television because the trial court denied his motion for a competency hearing. However, the record demonstrates that Driskill never presented an objection to the trial court that he was denied his right to be present.
"To properly preserve an issue for an appeal, a timely objection must be made during trial." State v. McFadden , 369 S.W.3d 727, 740 (Mo. banc 2012) (quoting State v. Cooper , 336 S.W.3d 212, 214 (Mo. App. E.D. 2011) ). The objection at trial must be specific and made contemporaneously with the purported error. State v. Shockley , 410 S.W.3d 179, 204 n.4 (Mo. banc 2013). To preserve a constitutional claim of error, the claim must be raised at the first opportunity with citation to specific constitutional sections. State v. Tisius , 362 S.W.3d 398, 405 (Mo. banc 2012). On appeal, the objection presented to the trial court may not be broadened. Id.
Accordingly, Driskill's challenge to his right to remain present in the courtroom on the grounds that it violated his constitutional rights can be reviewed only for plain error. Rule 30.20.
State v. Driskill , 459 S.W.3d 412, 425-26 (Mo. banc 2015). Further:
Including a claim of error in a motion for new trial is a requirement of preserving an issue for review, but a claim of error is not wholly preserved absent a timely objection at trial. Therefore, including a claim of error that was not raised at trial in a motion for a new trial does not change the standard of review from plain error to the lower standard of review for an abuse of discretion. For an allegation of error to be considered preserved and to receive more than plain error review, it must be objected to during the trial and presented to the trial court in a motion for new trial.
State v. Walter , 479 S.W.3d 118, 123 (Mo. banc 2016).
We believe the portion of our decision in Sickles in which we indicated that a timely trial objection was unnecessary is inconsistent with the Supreme Court's instruction in American Tobacco Co., Brown, Driskill , and Walter , and should no longer be followed. We also note that Defendant's waiver of review resulted not from defense counsel's failure to object timely at trial, but instead from defense counsel's affirmative conduct in suggesting a solution to the unidentified speaker's concern that ultimately was adopted by the trial court. Even if a timely objection were not required, Defendant still would have waived review of the claimed error because defense counsel invited the action ultimately taken by the trial court.
Error, If Any, Was Not Plain
Second, any error that occurred was not evident, obvious and clear. As support for his position that the trial court erred, Defendant refers us to State v. Davis , 190 S.W. 297, 298 (Mo. 1916), wherein our Supreme Court addressed a prosecutor's argument to the jury related to the defendant's appearance and demeanor *755 during the trial. Davis , however, is not applicable because Defendant does not assert that the prosecutor commented on his courtroom behavior or demeanor, and the record does not identify any comment by the prosecutor, trial court or a juror on Defendant's courtroom behavior or demeanor.
Rather, an unidentified speaker asked for Defendant to be repositioned in the courtroom so that the speaker could better see his "facial features, expressions." If a defendant in a criminal case testifies at trial, it seems unlikely that jurors would be prohibited from observing the defendant in the courtroom. Defendant has referred us to no authority, and we are not aware of any authority, that directs the trial court to screen a criminal defendant from the jury's view or even to instruct the jury that it cannot consider Defendant's behavior and demeanor in the courtroom as evidence unless that behavior and demeanor occur on the witness stand. If the trial court erred in permitting a juror to request that Defendant reposition himself in the courtroom in order to permit the juror to better observe Defendant's facial features and expressions, and then in accepting defense counsel's suggestion for resolving the juror's concern, that error was not evident, obvious and clear error, and plain error review is not available.
Defendant Cannot Meet His Burden to Show Manifest Injustice
Lastly, Defendant does not identify any specific behavior or demeanor in the courtroom that Defendant believes prejudiced him. And, the record before us does not describe, or even reference, any specific behavior or demeanor by Defendant in the courtroom. Defendant contends that he suffered from several illnesses which required significant medications. Defendant concludes that it is common knowledge that these medications would affect Defendant's facial expressions. There is nothing in the record to support those assertions. The trial court was not advised, nor are we, that any of Defendant's medications actually affected Defendant's facial expressions. In these circumstances, Defendant cannot meet his burden to show that any plain error with respect to the unidentified speaker's request that he reposition himself in the courtroom resulted in manifest injustice to him. Defendant's point is denied, and the trial court's judgment is affirmed.
Don E. Burrell, P.J. - Concurs
Gary W. Lynch, J. - Concurs

The victim was sixteen at the time of trial.

We do not know from the record if the unidentified speaker actually served as a juror or was an alternate excused immediately before deliberations began.

Other than, possibly, during voir dire, when a venireperson, in response to defense counsel's questioning, stated "I'm pregnant and I think he's -- I - I'm - I've judged him. I think he's a creep. He's done something." And then "Yeah. He looks like he's probably done a lot of things." The venireperson was struck for cause and did not serve on the jury.

Defendant raised a similar, but not identical, argument in his motion for a judgment of acquittal or a new trial.

See also State v. Stone , 430 S.W.3d 288, 290, 290-91 (Mo. App. S.D. 2014) (referring to Brown in denying review of points raised by the State in its appeal of a trial court's interlocutory order suppressing evidence in a criminal case).